Arthur v. Wallace.

---

John Arthur v. Annie F. Wallace.

1. REPLEVIN; *Undertaking.* An undertaking in replevin, otherwise conforming to the statute, and omitting only the clause "if the property be delivered to him," is sufficient.

2. EXEMPT PROPERTY; *Conveyance not Fraudulent.* A voluntary conveyance of property exempt from execution is not void as against creditors.

3. VERDICT—SPECIAL; *Irregular; Practice.* Where a general verdict is rendered, an objection to an answer to a particular question of fact that it is not sufficiently full and specific, must be made at the time the verdict is rendered, before the jury are discharged.

4. JUDGMENT *in Replevin; Form of.* Where a petition in replevin alleges ownership and right to possession in plaintiff, and wrongful detention by defendant, a general verdict for plaintiff finds all these issues in his favor, and the judgment may be entered accordingly. And in such case a judgment that the "plaintiff have and recover of the defendant the possession of the property described in the petition, or the value thereof in case a delivery cannot be had," is in proper form.

5. DEMAND — DAMAGES; *When demand necessary to maintain Replevin; When Damages recoverable.* A detention of property purchased at a judicial sale is not wrongful even against the true owner, until after a demand has been made. Damages in a replevin suit can only be recovered for a wrongful detention.

*Error from Wyandotte District Court.*

REPLEVIN, brought by *Wallace* to recover the possession of a piano, to which the plaintiff alleged ownership and the right

of immediate possession. *Arthur* answered, claiming right of property in himself, and setting out facts showing the recovery of a judgment by A. B. Bartlett against Mrs. C. G. Wallace, (plaintiff's mother,) and a sale of said piano upon execution issued on said judgment as the property of said judgment-debtor, and a purchase thereof by defendant at such sale for the sum of $170. The case was tried at the June Term, 1870. Plaintiff claimed the piano as a gift from her mother. Defendant contended that although the piano in question, as a musical instrument, might be exempt from execution if it had not been disposed of by Mrs. C. G. Wallace, and had been claimed by her under the exemption law, (second clause of § 3, ch. 38, Gen. Stat.,) yet that a voluntary conveyance to her daughter (the plaintiff,) was void as against creditors, and that the property thereby became liable to seizure and sale upon execution. Under the instructions given by the court the jury found for the plaintiff, and judgment was given on the verdict for the recovery of the possession of property, or for the value thereof if return could not be had, and for damages. A new trial being refused, the defendant brings the case here on error. Several questions of practice are stated and decided in the opinion. No briefs on file.

*John K. Hale*, for plaintiff in error.

*Chas. S. Glick*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Annie F. Wallace sued John Arthur in the district court in an action of replevin to recover the possession of a piano, and damages for its detention. The verdict was for the plaintiff for the possession of the piano and $300 damages. Plaintiff remitted $240 of the damages, and judgment was entered for the balance and for the possession of the property. The defendant now seeks a reversal of that judgment.

Several points have been presented by the counsel for plaintiff in error, and argued with ingenuity and ability. The first is this: Before the trial he moved the district court to set

aside the order of delivery for want of a sufficient undertaking. The court held the undertaking to be insufficient, but overruled his motion, and gave leave to plaintiff to file a sufficient undertaking within ten days, which was done. The alleged defect was this: The statute (§ 178 of the code,) requires that the plaintiff give an undertaking "to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return thereof be adjudged." The clause, "if the property be delivered to him," was omitted from the undertaking as given. This omission, it is claimed, vitiated the undertaking. We do not think so. While we find no fault with the ruling of the court allowing the filing of an undertaking with that clause inserted, we think such permission unnecessary. An undertaking that "he will return the property to the defendant if a return thereof be adjudged," imposes the same obligations that it would with the addition of the clause, "if the property be delivered to him," for a return will not be adjudged unless the property has been delivered. If the property remains in the possession of defendant the verdict and judgment, if in his favor, will simply secure to him that possession, and will not attempt to restore to him that of which he has never been deprived. Hence we see no error in this ruling by which the substantial rights of the plaintiff in error have been prejudiced.

*1. Replevin; undertaking; sufficiency.*

Objection is also made to the instructions. The circumstances of the case were these: A. B. Bartlett obtained judgment against Mrs. C. G. Wallace, the mother of defendant in error, and caused an execution issued thereon to be levied upon the piano in question as her property. Upon that execution the piano was sold to plaintiff in error. The defendant in error claimed that the property was hers, and brought this suit. The property had been purchased some time prior to this transaction of a Mr. Sutton, of Kansas City. The negotiations for the purchase seem to have been carried on by Mrs. C. G. Wallace, who tes-

*2. Conveyance of exempt property not fraudulent.*

tified that she bought it for her daughter. The means which were used to pay for the piano were furnished by Mrs. Wallace. It would seem probable from the testimony that Mrs. Wallace bought the piano and gave it to her daughter. Upon such testimony the court charged the jury as follows:

"1st.—In order to make a voluntary conveyance fraudulent, and therefore void as to creditors, either existing or subsequent, it is indispensable that the said voluntary conveyance shall transfer property which would be liable to be taken in execution for the payment of debts.

"2d.—If there was a voluntary conveyance of the property made in good faith, not for the purpose of defrauding or defeating creditors, and in point of fact took no property subject to execution, then it makes no difference about the consideration, whether there was any or not, between the donor and donee."

Without going into any speculative inquiry as to whether these instructions would be correct as applied to every case of a voluntary conveyance of exempt property, we think they are correct as applied to the present. It is difficult to see what application the second section of the Statute of Frauds and Perjuries can have. That provides that "every gift, grant, or conveyance made with intent to hinder, delay or defraud creditors of their just and lawful debts shall be void." Now it is not disputed that the piano remaining the property of Mrs. C. G. Wallace would have been exempt from levy under Bartlett's judgment. So long then as she held it, Bartlett could not take it. It was as free from his touch as though it were not. Remaining in her hands, it gave him no security, added nothing to his ability to compel payment. How then can any disposition she might choose to make of it hinder, delay, or defraud him? He could get no hold upon it, while she kept it. How much did he lose, then, when she parted with it? And how could she be held to have made a gift with intent to hinder, delay, or defraud, when the gift neither had nor could possibly have any such effect? It is not merely the thought which passes in the mind, but the thought coupled with the possibility of the act done accomplishing the evil intended, which renders the act void.

It is also objected that the verdict is against the evidence, and indeed that there is a total failure of proof upon some material points. We have examined the record and think there is some testimony upon every essential question, and enough to prevent us from disturbing the verdict.

Again at the request of plaintiff in error the court instructed the jury if they returned a general verdict to find upon three questions of fact submitted to them. The jury returned a general verdict, and at least a partial answer to these questions.

3. Verdict; special findings; practice. Without, as appears from the record, insisting upon a fuller answer at the time the verdict was rendered, the verdict was received and the jury discharged. Then a motion for a new trial was filed alleging as one reason therefor "that the jury refused or neglected to find the special questions of fact as directed by the court." We think this objection came too late. Whatever may be the rule where the jury wholly ignore the special questions submitted, we think that when they attempt an answer, and the only objection that can be made is that it is not sufficiently full, attention should be called to the deficiency when the verdict is returned and an opportunity given to make it more full and specific. By the general verdict they have passed upon all the issues between the parties; and it would be hard to disturb this general verdict because some answer to a specific question is not sufficiently full, when the defect could easily have been cured by calling attention to it at the time the verdict was rendered. (*Hazard Powder Co. v. Viergutz*, 6 Kas., 471.)

Again, it is objected that the judgment does not follow the verdict, that it orders more than the plaintiff was entitled to by the verdict. The verdict was a general one. "We the jury find for the plaintiff, and assess her damages," etc. The judg-

4. Judgment in replevin; form of. ment is that the plaintiff "have and recover of said defendant possession of the said goods and chattels in said petition mentioned, or the value thereof in case a delivery thereof cannot be had, and that a writ of restitution issue therefor." Where the petition alleges ownership and right of possession in the plaintiff and wrongful detention by

the defendant, a general verdict finds all these issues for the plaintiff, and is proper. Upon such a petition and verdict a judgment like the one in this case may properly be entered. At least we do not see how the defendant is prejudiced by it.

Thus far we have found nothing in the proceedings which seems to us to require any interference on our part. One point remains to be considered, and upon that we shall be compelled to modify, at least, the judgment. The verdict was for possession, and $300 damages. The district court required the plaintiff

5. Wrongful detention. Demand. Damages. to remit $240, which was done, and judgment entered for the balance, $60. We see no testimony which would warrant a judgment for even that amount. A detention of property purchased at a judicial sale is not wrongful even as against the true owner until a demand is made. The plaintiff in error held this piano by purchase at a constable's sale. The plaintiff (defendant in error) testified that she made demand for it, but *when*, does not appear. It may have been the day before suit was brought. Damages can only be recovered for a wrongful detention. Hence damages can be recovered only for the detention during the time

Excessive damages remitted. intervening between the demand and the bringing of the suit. The extent of this time not being shown, only nominal damages could be awarded. This does not necessitate the granting of a new trial, for the damages may be remitted.

The case will therefore be remanded to the district court with instructions that if the defendant in error shall, within such reasonable time as the judge of that court may direct, remit all damages awarded, the judgment for possession shall stand; and that otherwise the judgment be reversed and a new trial awarded. The costs in this court must be divided between the parties. Ordered accordingly.

All the Justices concurring.