FIELD, Respondent, vs. DOYON, Appellant.

*November 7 — December 1, 1885.*

*Chattel mortgage: Sale by mortgagor: Acceptance of price by mortgagee: Estoppel.*

If the mortgagee of personal property, with full knowledge that the same has been sold by the mortgagor for its full value, accepts the money realized from such sale and credits the amount on the mortgage debt, he is estopped from thereafter asserting any right to such property under the mortgage.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice TAYLOR, as a part of the opinion:

This action was brought to recover the possession of two

heifers two years old and three calves, of the alleged value of $80. The facts are as follows:

Louis Townsend was the owner of the heifers and calves; both plaintiff and defendant claim under him. Townsend on the 22d day of September, 1883, mortgaged the heifers and calves to the defendant, together with other personal property mentioned in the mortgage, to secure the payment to the defendant of the sum of $352.40 according to the conditions of a promissory note of that date, payable on demand, with interest at eight per cent. per annum. The mortgage was duly filed in the proper town clerk's office. On the 15th of February, 1884, Townsend, then still being in possession of the mortgaged property, sold the heifers and calves in question to the plaintiff for the sum of $55.50; also two pigs, $2; and one hog, $4,— making in all $61.50. Whether the pigs and hog were covered by the mortgage does not clearly appear. At all events the plaintiff does not claim them in this action, and it does not appear that the defendant claimed them under his mortgage.

On the 15th of February, the day of the sale of the property by Townsend to the plaintiff, Townsend wrote to the defendant a letter, of which the following is a copy:

"Wonewoc, February 15, 1884.

"*Mr. T. E. Doyon:* Please find inclosed $60 on my account. I have disposed of some of the property to raise the money, and I think I will be able to raise the rest before long. Hoping this will be satisfactory, I remain yours, with respect,                                L. Townsend."

The defendant admits the receipt of this letter and the inclosed money. On receipt of this letter and money he wrote to Mr. Townsend to send him a description of the property sold, and on the 29th of February he received a reply giving a description of the property sold. The defendant indorsed the $60 on the note secured by the chattel mortgage.

The letter sent by defendant, to which the letter of Townsend received on the 29th of February was a reply, was not produced in evidence and was lost.    On the trial in the justice's court Mr. Townsend was a witness and undertook to state his recollection of its contents.    After the trial in the justice's court, and before the trial on the appeal in the circuit court, Mr. Townsend died, and several witnesses were sworn on the last trial as to what the testimony of Mr. Townsend was in the justice's court as to the contents of the defendant's letter.   This evidence tended strongly to show that in that letter the defendant stated that he wanted a description of the property sold so that he could release it from the mortgage.

The evidence shows that that plaintiff had no knowledge in fact of the existence of the chattel mortgage when he bought and paid for the cattle in controversy.   It also tends very strongly to show that when the defendant claimed the property under his chattel mortgage notwithstanding he had received the purchase money, the plaintiff offered to surrender the property if the defendant would return the $60 received for the same, and that the defendant refused to return the money, or any part of it, and took possession of the cattle in controversy in this action and drove them away; and for such taking of the property this action was brought.   The plaintiff had a verdict and judgment in his favor in the circuit court, from which an appeal was taken to this court.

*G. Stevens*, for the appellant.

*W. S. Field*, for the respondent.

Taylor, J.   We think the evidence in the case fully sustains the contention of the respondent that the appellant, and defendant in the court below. with full knowledge that his mortgagor had sold the property in question to the respondent for its full value, accepted the money received on

such sale by his mortgagor and credited the amount on his mortgage debt. And without showing the further fact that the appellant on the receipt of such money agreed to release the property so sold from his mortgage, it seems to us very clear that he is now estopped from asserting his right to the mortgaged property under his mortgage.

The argument of the learned counsel for the appellant, that the sale made by the mortgagor was not an illegal act, it seems to us can have no weight in the determination of this question. The sale in this case was not a sale of the mere equity of redemption, but was a sale of the things themselves for a full consideration, and such sale was a fraud in fact on the purchaser if the mortgagee is still to hold the property sold. The fact of such sale was known to the mortgagee when he secured the purchase money for the property so sold; and having received the money without objection, knowing of the fraud which would be perpetrated upon the purchaser if he should enforce his mortgage, equity and good conscience require that he shall either release his mortgage or return the purchaser's money. He cannot retain the money and hold the property under his mortgage.

The injustice of holding both the money and property is so apparent that it is unnecessary to cite authorities upon the point. It seems to us that the appellant does not stand in any different position than he would had he been present at the sale made by his mortgagor, without disclosing his mortgage, and had then received the purchase money immediately upon its being paid by the purchaser to his mortgagor. In that case even the learned counsel for the appellant admits that, after the acceptance of the purchase price, he could not enforce his mortgage against the purchaser. The fact that the sale was made without his knowledge at the time does not change the relations of the parties when he admits that he was immediately informed of the

sale and accepted the money received from the purchaser. He is estopped from asserting his title in either case. Herman on Chat. Mortg. § 142, and cases cited. Bigelow on Estoppel (3d ed.), 579, says: "In like manner, if one, without actually inducing another to act in a particular way, assent to the thing done and seek to derive a benefit from it, he cannot, in case of disappointment, repudiate the validity of the act assented to." *Beall v. Barclay*, 10 B. Mon. 261, 264; *McConnell v. People*, 71 Ill. 481.

*By the Court.*— The judgment of the circuit court is affirmed.