## THE AMERICAN CENTRAL INSURANCE COMPANY v. ELMER HATHAWAY.

1. JURY — *Questions of Fact — Practice.* Where questions of fact submitted to a jury are not fully and substantially answered, the court, on application of either party, should instruct the jury to fully and explicitly answer them.

2. ———— *Special Question — Refusal — Error.* Where an interrogatory is requested to be submitted to the jury, within the issues joined by the pleadings and the evidence introduced, asking for a more explicit answer to another interrogatory submitted, it is error for the court to refuse to submit it to the jury.

3. INSURANCE — *Loss — Notice.* In an action against a fire insurance company, where it is provided in the policy that in case of loss the insured must notify the company of the fire, and also forward to the home office of the company proofs of any loss sustained, upon a trial to recover for such loss the jury should find, under proper questions of fact, not only that notice of the fire had been given the company, but also that proof of loss had been either made or waived.

*Error from Sumner District Court.*

THE case is stated in the opinion.

*Rossington, Smith & Dallas,* and *Isaac G. Reed,* for plaintiff in error.

*George & King,* and *McDonald & Parker,* for defendant in error.

Opinion by HOLT, C.: At the February term, 1889, of the Sumner district court, the defendant in error, as plaintiff, recovered a judgment for $1,080.50 against the defendant, a fire insurance company located at St. Louis, Missouri. The company had insured the plaintiff against loss by fire on merchandise, and other personal property in his store at Caldwell, Kansas, for $1,000. The store and its contents were burned on the 8th day of October, 1885. This action was brought upon the policy issued, alleging compliance with all its conditions by plaintiff. The answer was a general denial.

While there is quite a volume of testimony tending to throw suspicion upon the origin and circumstance of the fire, and also that there was not personal property to the value of $1,000 consumed, yet the question discussed by the briefs of the parties is, whether sufficient proof of loss had been given to the company as required by the terms of the policy, or waived by the actions and statements of its agent. A day or two after the fire, Dave Rorick, the general adjuster of claims for the company, came to Caldwell and looked over the ground where the building had been located. There is a conflict of testimony concerning what he did and said at that time; the plaintiff's testimony tending to show that he stated that if the proofs were furnished there at Caldwell, he would come back and settle for the loss; the defendant denies that any such statement was made, or anything that could be construed into a waiver.

Among the conditions of the policy were the following: That the insured should give, under oath, a particular ac-

count of the loss, what property was destroyed or damaged, state the time, origin and circumstance of the fire, and produce a certificate, under the seal of a magistrate, notary public, or commissioner of deeds nearest the place of the fire, and not concerned in the loss or related to the insured, stating that he had examined the circumstances attending the loss, and believed that the assured had, without fraud, sustained loss on the property insured to the amount such officer should certify to; and it was stipulated therein that the loss sustained should be paid within sixty days after such proof and statement had been received at the head office of the company, in St. Louis, Missouri.

At the trial the plaintiff offered in evidence a copy of the items of the property consumed, and of his verification thereto, as proof of his loss. This was objected to as being secondary evidence, and because no proper ground had been laid for its introduction. The plaintiff testified that on the 23d day of October, 1885, he placed this statement, a copy of which he had in court, in the Caldwell postoffice, directed to the company at St. Louis, with postage prepaid; he further offered Rorick, general adjuster of the company, as a witness, who testified that it had never been received at the home office in St. Louis. The plaintiff never made a demand of the company for the statement sent, nor a copy thereof.

Besides the general verdict in favor of plaintiff, the jury made special findings of fact, the following of which are pertinent to the objections made by the plaintiff:

"4. Did the plaintiff render to the defendant a particular account under oath of the loss claimed to have been sustained? A. Yes.

"5. If you shall answer question number four in the affirmative, was the account therein mentioned received by the defendant at its head office in St. Louis, Missouri? A. We do not know."

"8. Has the defendant waived any of the conditions of said policy relating to the proceedings of the assured after a loss thereunder? A. Yes.

"9. If you answer question number eight in the affirmative,

state each and every condition that you may find has been so waived. A. By the special agent of the company, Dave Rorick, being on the ground after the fire, about October 12th or 13th, 1885, he waived the notice required by policy to be in writing.

"10. If you answer question number eight in the affirmative, state when and by whom such waiver was made. A. Answer in number nine.

"11. Have any of the conditions of said policy relating to proceedings by the assured after a loss thereunder been waived in this case by Dave Rorick? A. Answer in number nine.

"12. If you answer question number eleven in the affirmative, state specifically each condition waived by him. A. Answers in number nine."

"15. If you answer question number four in the affirmative, state particularly when and in what way he so *rendered* said account to the defendant. A. Evidence shows that the plaintiff mailed at Caldwell, Kansas, in the insurance company's printed envelope, postage prepaid, bill of items under oath, required by policy.

"16. If you answer question number eleven in the affirmative, when did he waive the said conditions, or either of them? A. By special agent Rorick's appearance at Caldwell after the fire.

"17. Was the plaintiff induced to delay the rendition to the defendant of the particular account of his loss, under oath, required in his policy, by any conversation he had with Dave Rorick? A. No."

One of the important controverted questions of fact in this case is, whether proof of loss was received at the office of the defendant, at St. Louis. The plaintiff, in introducing a copy of that proof, acted upon the theory and upon the testimony of Rorick that it had never been received there. Such evidence alone permitted a copy to be introduced in evidence; yet when he obtained a judgment against the company, it must have been because a sufficient notice had been received at the office at St. Louis, or because there had been a waiver on the part of their adjuster, Mr. Rorick. If the notice had been received at St. Louis properly, then the introduction of the copy of the statement and proof of loss was error. On the other hand, if it had not been received, then the only evidence

to sustain the judgment would be that showing a waiver by the defendant. We therefore shall confine the discussion of this case solely to the question of waiver, and the instructions of the court seem to indicate that that was the controverted question largely in its mind during the trial. There was evidence sufficient, if uncontradicted, to uphold the verdict in favor of plaintiff on that ground, and it was upon that theory, and that alone, that the defendant's demurrer to the evidence was properly overruled.

By an examination of findings 9, 10, 11 and 12 we learn that defendant company by its agent Rorick waived the notice required by the policy to be in writing by being on the ground four or five days after the fire. There can be no question but that the notice of the fire was waived by the appearance of the adjuster of the company, but there is no certain or definite finding that the proofs of loss and certificates were waived by the company. Interrogatory 9 was not fully answered. It was sought to be made more definite by interrogatories 11 and 12; but in the answers the jury simply referred to the answer they made to interrogatory 9.

The defendant asked that interrogatory number 19 be submitted to the jury:

"19. If you answer No. 11 in the affirmative, state fully by what acts or representations or in what manner he waived the said conditions or either of them."

The court refused to submit it. It should have been submitted; it was within the issues and the evidence adduced; it might have made certain what conditions had been waived. Being within the issues of the case and the evidence submitted, it was error to refuse to submit it. This error is more manifest when we recall also that the court refused, on motion of defendant, to compel the jury to more definitely answer interrogatories 9 and 12.

We recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.