JAMES H. SEATON v. JOHN D. SMITH *et al.*

VERDICT, *Received in Absence of Counsel.* Where during the progress of a trial, and after the jury had retired, counsel for defendant asks permission of the judge to leave the court-room and go to his law office, with the understanding that the judge is to send a bailiff for him when the jury returns into court, and the judge fails to send word to counsel, and receives the verdict of the jury in his absence and that of the defendant, and the verdict is read aloud to the jury, and no dissent made to the question as to whether it is its verdict, and the jury is not polled, *held*, that such omission upon the part of the trial judge is not such an error as will cause a reversal of the judgment.

*Error from Harvey District Court.*

THE opinion states the case.

*Brown & Kline,* for plaintiff in error.
*Bowman & Bucher,* for defendants in error.

Opinion by GREEN, C.: This case was appealed from a justice's court to the district court of Harvey county, where it was tried by a jury and a verdict rendered for $33 for plaintiffs below. The only error relied upon, is the failure upon the part of the trial court to send a bailiff for the counsel for defendant in the court below, when the jury returned into court with a verdict. It appears from the record that after the jury had been out for a few hours, the counsel who had charge of the case for the defendant below made an arrangement with the court whereby he was permitted to retire from the court-room and go to his law office, and that he was to be called by a bailiff when the jury had agreed upon a verdict. This, it is claimed, the court failed to do. When the jury did come into court with a verdict, the same was received, in the absence of the counsel, and the jury discharged, without giving the defendant any opportunity to poll the jury. Was this error? The record discloses the fact that the verdict was received by the court, read aloud in the presence of

the jury by the clerk, and after such reading the court inquired if that was the verdict of each and all of the jurymen, to which the jury made no dissent; but the jurymen were not polled. Ordinarily it is the duty of counsel, in charge of a case upon trial, to remain in the court-room until its final disposition. It was a matter of courtesy, upon the part of the trial judge, that permission was given to counsel to retire from the court-room; it was extended without the knowledge or consent of the other parties to the action. It could hardly be claimed that it was a part of the judge's duties to send for counsel, when his presence was necessary; it had doubtless escaped the judge's mind, in the press of his official duties, that he was to dispatch a messenger to counsel upon the return of the jury with a verdict. It being a matter outside of the duties of a judge, and made solely for the convenience and accommodation of counsel, we do not think the plaintiff below should be obliged to try the case a third time for this omission, upon the part of the trial judge, to notify the counsel. There is no showing made that the defendant below was in anywise wronged, or that any different result would have been reached. It is possible that the jury could have been polled, if counsel had returned to the court-room in a reasonable time. He simply retired upon the promise of the judge to send word to him. This he omitted to do, and it being a favor extended to counsel alone, we think the case should not be reversed for this oversight of the judge, and the judgment should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.