## DAVID N. McPHEETERS v. VALENTINE BIRK.

1. SPECIAL QUESTIONS — *Irresponsive Answers*. Where special questions of fact are submitted to a jury, and are not fully and intelligently answered, it is the duty of the trial court, upon application of either party, to require the jury to return full and responsive answers to them.

2. REPLEVIN *by Mortgagee of Chattel — Estoppel*. Where the plaintiff brings an action in replevin to recover property covered by a chattel mortgage, obtains possession of such property and sells the same at chattel-mortgage sale, and immediately thereafter plaintiff and defendant have an accounting, and the plaintiff pays to the defendant the surplus of the proceeds of the sale after deducting the amount due him on the note and mortgage, together with the costs attending the taking and selling the property, as well as the court costs, and delivers to the defendant the note secured by the mortgage, and cancels such mortgage, *held*, that where such facts are pleaded by a supplemental reply, and the jury so find, the defendant is estopped from questioning the fact that the mortgage note was not due, or that the sale was invalid.

### *Error from Coffey District Court.*

THE opinion states the facts. Verdict and judgment for defendant, *Birk*, at the July term, 1889. Plaintiff, *McPheeters*, brings the case here.

*E. C. Devore*, for plaintiff in error.

*G. N. McConnell*, and *Manchester & Allen*, for defendant in error.

Opinion by GREEN, C.: David N. McPheeters brought an action of replevin against Valentine Birk, in the district court of Coffey county, to recover certain specific personal property which had been mortgaged by Birk to John Seiferlein on the 20th day of May, 1887, to secure the payment of the sum of $280 and interest. On the 16th day of May, 1888, the note and chattel mortgage were assigned to McPheeters, who commenced this action on the 18th of July, 1888. The property was taken by the sheriff of Coffey county and delivered to the

plaintiff, who sold the same at chattel-mortgage sale on the 5th day of August following. The defendant answered that the debt secured by the mortgage was not due; that an extension of 30 days had been agreed upon from the 2d day of July, 1888, for which he executed his note for $35. The plaintiff replied by a general denial, and by way of new matter alleged that after the defendant had filed his answer and the property described in the chattel mortgage had been sold, the parties to the action and their respective attorneys met and had an accounting and settlement concerning their matters in difference, as to the note and mortgage, and the taking and selling of the property replevied; that the plaintiff, with the assent of the defendant, retained of the proceeds of the sale of the personal property the amount due him from the defendant on the note and mortgage, together with the costs and expenses attending the taking and selling of the property; and that he delivered to the defendant his note and paid to him the surplus, with the understanding that it was to be in full settlement and satisfaction of all their matters in difference as to the note and mortgage, as well as the personal property in controversy. Upon the issues thus made by the pleadings, a trial was had by the court and a jury, and a general verdict was returned for the defendant; that the value of the property in controversy was $790; that the usable value of the property was $250; that the amount of the plaintiff's claim, debt and interest, amounted to $291.46. The jury returned the following answers to the particular questions of fact submitted to them by the court:

" 1. Was the defendant present at the sale of the mortgaged property in controversy in this action? A. Yes.

" 2. After the property in controversy had been sold by the plaintiff, did plaintiff and defendant and their respective attorneys meet together and have an accounting of and concerning the proceeds of said sale? A. Not in full.

" 3. Did plaintiff at such meeting, with the assent of the defendant, retain of said proceeds the full amount due to him on defendant's note and mortgage, together with the costs and expenses attending the taking and selling the property in con-

troversy, and then pay to the defendant the surplus money with the understanding that it was in full settlement of their differences as to said note and mortgage and the property in controversy taken and sold by the plaintiff? A. $10.30.

"4. Did defendant agree to accept the proceeds and the surplus money in full settlement and satisfaction of his note, mortgage and the sale of his said property in controversy by plaintiff, and did plaintiff, with that understanding, pay to said defendant said surplus money, and deliver to him his note, and has said money and note ever since been retained by the defendant? A. Yes.

"5. Did plaintiff, after defendant had received said surplus money and his note, at the request of the defendant, satisfy and discharge the chattel mortgage? A. Yes.

"6. After said accounting, settlement, payment of said surplus money, and delivery of said note, did defendant sign and deliver to plaintiff his written receipt for said surplus money? A. Yes, under protest."

The plaintiff objected to the answers returned to questions numbered 2, 3, and 6, because, as alleged, they were evasive, indefinite, and irresponsive, and requested the court to resubmit to the jury the three questions, which request the court refused. The plaintiff then moved for judgment on the special findings, notwithstanding the general verdict. This motion was overruled, and the court rendered a judgment upon the general verdict in favor of the defendant. The plaintiff in error brings the case here upon two assignments of error:

"1. The court erred in refusing to require the jury to return more specific answers to special questions 2, 3, and 6.

"2. The court should have given the plaintiff judgment upon the special findings of the jury, notwithstanding the general verdict."

It is evident from an examination of special findings 2, 3 and 6 that the plaintiff was entitled to more specific answers than the jury returned. It is difficult to say what the jury meant when they answered question number 2 by saying "Not in full." The evidence established the fact that the parties did meet and had an accounting, and the following receipt was signed by the defendant, under the advice of his counsel:

"BURLINGTON, KAS., August 4, 1888. Received of David

N. McPheeters ten $\frac{30}{100}$ dollars ($10.30), which David N. Mc-Pheeters claims to be the overplus of money after deducting his expenses, court costs and note and interest to date, on sale made under chattel mortgage on horses, seven head.

VALENTINE BIRK."

This receipt clearly showed that the parties had an accounting. Its execution and the payment of the sum named in it to the defendant was admitted. Question numbered 3 was not intelligently answered. It is urged as a reason for not answering this question that there are three or four questions embodied in this one. This is hardly a sufficient excuse. The defendant could have had the question separated and properly divided, so that each part could have been answered. As to the answer made to the sixth interrogatory, the evidence was clear that the defendant signed and delivered the receipt, and the plaintiff was entitled to an unequivocal answer. It is one of the clear legal rights of a party to an action to have material questions of fact, that are based upon competent evidence and within the issues of the case, submitted to and answered by the jury, upon proper request being made to the trial court. (*Insurance Co. v. Hathaway*, 43 Kas. 399; *W. & W. Rld. Co. v. Fechheimer*, 36 id. 45, and authorities there cited.)

Upon the second assignment of error, we are of the opinion that the plaintiff should have had judgment upon the special findings. It appears from the evidence, as well as the fourth and fifth special findings, that the defendant accepted and retained the surplus money realized from the sale of the mortgaged property and the note secured by the chattel mortgage, and that the plaintiff satisfied such mortgage at the request of the defendant. This, we think, was a satisfaction and affirmance of the sale. (*Watterson v. Rogers*, 21 Kas. 529; *France v. Haynes*, 57 Iowa, 139; *McConnell v. People*, 71 Ill. 481; *Bush v. Sherman*, 80 id. 160; *Watson v. Sherman*, 84 id. 263.)

It is insisted by the defendant in error that any fact, to be pleaded in estoppel, must have existed at the time the plaintiff commenced his action; that nothing that arose subsequently could be pleaded in estoppel of the right of the defendant to

defend against such action. This position is not tenable under our code of procedure, which expressly authorizes supplemental pleadings to be filed, alleging facts material to the case occurring after the filing of the former petition, answer, or reply. (Civil Code, § 144.) Under this authority and the amended reply, the evidence as to what had taken place after the sale was competent, and estopped the defendant from questioning the fact that the note secured by the chattel mortgage was due, or that the sale was invalid.

We are at a loss to know why the plaintiff did not dismiss his replevin suit after he had disposed of the property, accounted to the defendant for the proceeds, surrendered the defendant his note, and satisfied the mortgage. The subject-matter of the action had been settled; there was really nothing further to litigate. It would seem from the receipt which was in evidence that the plaintiff had retained the court costs in this action which had accrued up to the time the surplus money remaining from the proceeds of the sale was paid to the defendant. We are of the opinion that the plaintiff was rightly adjudged to pay all the costs made in the district court since the accounting was had between the plaintiff and defendant.

It is recommended that the judgment of the district court be modified by entering judgment in favor of the plaintiff for the possession of the property described in his petition, that the cause be remanded to the district court with instructions to enter such judgment, upon the special finding, in favor of the plaintiff below, and that he be adjudged to pay the costs in the district court, and that the costs in this court be equally divided between the parties.

By the Court: It is so ordered.

All the Justices concurring.