McCormick Harvesting Machine Company v.
Frank Lauber and Mathias Lauber.

**No. 173.**

1. PROMISSORY NOTE — *Change of Date — Material Alteration.*
The date of a note is a material part of it, and a change thereof
is a material alteration and vitiates the note, without regard to
whether the maker is prejudiced or benefited or whether the time
of payment is hastened or delayed. It is not the contract which
he executed.

2. PRACTICE — *Receiving Verdict in Absence of Party — Duty of
Attorney.* It is the duty of counsel in charge of a case upon trial
to remain in the court-room until its final disposition. (*Seaton v.
Smith*, 45 Kan. 43.)

Error from Edwards district court; S. W. VANDI-
VERT, judge. Opinion filed March 14, 1898. Af-
firmed.

*W. N. Beezley*, for plaintiff in error.

*Fred. Dumont Smith*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was brought in the
district court of Edwards county by the plaintiff in
error against the defendants in error, Frank Lauber
and Mathias Lauber, to recover the amount claimed
to be due upon a promissory note. One of the de-
fenses set up by the defendants was that the date of
the note had been changed from December 1, 1896,
to December 20, 1896. The court gave the jury the
following instruction :

"If you believe from a preponderance of all the evi-
dence in this case that the note in suit was originally
dated December 1, and that the date was changed so
as to make it the 20th of December, that is such a
material alteration of the note as to make it void."

The jury especially found that the note had been so changed. The plaintiff in error contends that this instruction is erroneous ; that the rights of the makers were not prejudiced by the change and that it is therefore immaterial. It is well settled in this state that a material alteration vitiates a note and that an immaterial alteration does not. The date of a note is a material part of it, and a change thereof is a material alteration and vitiates the note, without regard to whether the maker is prejudiced or benefited or whether the time of payment is hastened or delayed. It is not the contract which he executed. ( See *Fraker v. Cullum*, 21 Kan. 555 ; *Wood v. Steele*, 6 Wall. 80 ; 2 Am. & Eng. Encyc. of Law, 2d ed., 236, 237 ; Tiedeman on Commercial Paper, § 394.)

After the case was submitted to the jury the judge announced that court would be in recess until nine A. M. the next day, and that if the jury agreed on a verdict he would receive it. At 11 :30 P. M. the jury notified the court that they had agreed upon a verdict, and the court caused them to be brought into the courtroom, and in the absence of the plaintiff or its attorneys, and without notice to either of them, received the verdict and discharged the jury. The next morning the plaintiff's attorney complained to the court that he had not been notified and had had no opportunity to poll the jury. The court offered to recall the jury, if requested, but the attorney did not request that it be done. The plaintiff in error contends that the court erred in receiving the verdict in his absence, without notice to him. In *Seaton v. Smith*, 45 Kan. 43, it is held that "it is the duty of counsel in charge of the case upon trial to remain in the court-room until its final disposition."

There was no showing made that the plaintiff was prejudiced by not polling the jury or that he made any arrangements with the judge or bailiff for notice of the receipt of the verdict.

The judgment of the district court is affirmed.