M. O. AYRES V. JOHN MCCONAHEY ET AL.

FILED JULY 22, 1902. No. 12,133.

**Mortgagee of Chattels:** RATIFICATION OF UNAUTHORIZED SALE. A mortgagee of chattels will be held to have ratified an unauthorized sale of the mortgaged property by knowingly receiving and retaining the proceeds of such sale.

ERROR from the district court for Dakota county. Tried below before GRAVES, J. *Affirmed.*

*M. C. Beck,* for plaintiff in error.

*William P. Warner, contra.*

SULLIVAN, C. J.

This action of replevin, brought by Ayres against McConahey, was tried to a jury in the district court and decided in favor of the defendant. The cattle in controversy were originally owned by Robert Duggan, through whom both parties claim title. Ayres claims as a mortgagee and McConahey as a purchaser for full value, without notice of the mortgage. In our view of the case it will not be necessary to consider all the questions discussed by counsel in their briefs. One point resolved by the jury against the plaintiff is in our opinion determinative, and leads necessarily to an affirmance of the judgment. It appears from the record that the plaintiff, who is a banker doing business at Dakota City, had two mortgages upon cattle owned by Duggan. These mortgages were given at different times, secured different items of indebtedness and covered different cattle. Just before the note secured by the first mortgage fell due, the cattle in dispute, some of them being covered by one mortgage and some by the other, were sold by Duggan to Haakinson & Company, and by Haakinson & Company to the defendant. A check for the proceeds of the sale was sent by mail to Ayres, who received it, and applied it upon the note secured by the first mortgage and

Ayres v. McConahey.

upon two unsecured obligations of Robert Duggan. The defendant now contends that Ayres can not, while retaining the proceeds of the sale, recover the cattle. In this contention the defendant is manifestly right. The law is not so crude as to permit a mortgagee to have both his lien and the value of it. The receipt and retention of the price of the cattle under the circumstances here disclosed was, in legal effect, a ratification of the sale, and a release *pro tanto* of the mortgages. *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Nebr., 68, 76; *Field v. Doyon*, 25 N. W. Rep. [Wis.], 653. The evidence plainly indicates that when Ayres received the check from Duggan, he had very good reasons for believing, and did in fact believe, that it represented the proceeds of the sale of some of the mortgaged property. A week or ten days later he had actual knowledge of the transaction. He was then informed by Rockwell that McConahey had bought the cattle, and was feeding them at his ranch. Still he did not repudiate the authority of Duggan to make the sale. Neither then nor since has he offered to make restitution. McConahey, never doubting his complete ownership of the cattle, had been feeding them for several months, when the plaintiff, still holding fast to the purchase money, instituted this suit. The sale, as was said in *Field v. Doyon,* was a sale of the property and not of the equity of redemption, and consequently the receipt and retention of the purchase price can only be construed as a ratification and approval of an act which the mortgagor had assumed to do without authority.

The judgment is

AFFIRMED.