## Edward H. Kuhl v. Supreme Lodge Select Knights and Ladies.

### (Filed February 15, 1907.)

1. **APPEAL AND ERROR—Evidence Not Reviewed, When.** Where a cause is tried to a jury and a general verdict returned and judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or to determine the preponderance, but will sustain the verdict of the jury.

2. **TRIAL—Verdict Received In Absence of Counsel.** It is the duty of counsel who are representing one of the litigants in a civil action to take notice of all the sessions of the court and all the proceedings, and it is not error for the court to receive the verdict in the absence of counsel.

3. **SAME—Same—Special Interrogatories.** Where no objections are made to receiving the general verdict of a jury without requiring them to answer special questions submitted, where no request is made for the jury to be required to make more specific or definite answers before their discharge, the right to have such questions answered will be deemed waived; and this court will not review such action of the trial court.

4. **INSTRUCTIONS—Sufficient, When.** Although an instruction may contain an improper statement of law, if it is clearly apparent from the whole record that no prejudice has in fact resulted therefrom, the error will not be considered.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie Couty; before B. F. Burwell, Trial Judge.*

*R. A. Kleinschmidt, B. B. Blakeney* and *Mont F. Highly* for plaintiff in error.

*Lamb & Hogueland,* for the defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, Edward H. Kuhl, brought his action in the district court of Pottawatomie county against the fraternal order known as the Select Knights and Ladies, to recover damages for alleged physical injuries claimed to have been received during the initiation ceremonies into the Shawnee Lodge No. 2, of said order. Issues were made and the cause tried to a jury and general verdict returned for the defendant. The court rendered judgment on the verdict overruled the motion for new trial and the cause comes here on petition in error.

The first assignment of error challenges the sufficiency of the evidence to support the verdict. From a careful and critical examination of the evidence in the record we are not able to sustain counsels' contention. The evidence on the material question of whether or not the plaintiff received any injuries at the time and in the manner claimed by him at the hands of the defendant or any of its members or agents, is so conflicting and contradictory that this court would not disturb the verdict of the jury. This court has repeatedly stated the rule of practice by which it is guided, to the effect that where the evidence submitted to a jury is conflicting and contradictory and there is competent evidence reasonably tending to support the verdict of the jury, this court will not attempt to weigh the evidence or determine the preponderance, and will not disturb the verdict. This case comes within the rule. A large volume of testimony was taken, a number of witness testified to the *res gestae,* and their evidence is not easily reconciled. The jury passed upon

their credibility and the weight of their evidence and the trial court approved it.   We cannot interfere.

Upon the trial the court upon request of the parties, submitted to the jury to be answered and returned with their verdict, seventeen special questions.   These questions were not answered.   The record shows that the cause was submitted to the jury on the 24th day of September, 1904, and that on Sunday, September 25, the verdict was received in open court and the jury discharged; that at the same time the jury returned into court the special interrogatories without having answered any of them. and they were received by the court   and   filed,   and that   on the   following day, the 26th, judgment was rendered upon the verdict.   The plaintiff excepted to the judgment, but it does not appear that any objections were made to the receiving of the general verdict, or that any request was made that the jury be sent back to answer the interrogatories. The right to have answered special questions or interrogatories submitted to a jury to be returned with their verdict is one that may be waived, and in the absence of objection to receiving the questions unanswered, or of a request to be returned to answer the questions or to make specific answers, it will be presumed that the answers were waived by the parties.

Counsel for plaintiff in error insist that it is the duty of the court to submit special questions for findings when requested, and that it is also the duty of the court to require them to be answered.   We do not question the correctness of this rule, but it is not controlling or conclusive of the question here presented.   If the request was made to have special questions submitted and the court should refuse the

request and no exception was taken to the ruling, an appellate court would not consider the error. And the effect is the same where the questions have been submitted and the court has failed to require the jury to answer them. If no objections are made and no exceptions are saved, the appellate court will treat the request as waived and will refuse to consider the error.

While there is nothing in the record to support the statement, it is claimed by counsel for plaintiff in error that they were not present at the Sunday session of court when the verdict of the jury was received, and hence, were given no opportunity to object or except. We are not advised why they were absent, but if we assume that they were observing the usual devotional exercises appropriate for the day, yet we know of no secular law making this a valid excuse for absence from court when they have clients whose rights are being deliberated upon by a jury and which may report at any time the court can convene and accept its verdict. While it is usually done, and courts should ordinarily extend the courtesy to counsel to have them notified when their presense is desired in court, yet this is only a courtesy and is not a duty, and when counsel fail to attend upon all the sessions of the court where they have causes pending, they take their own risks of their absences. In vol. 22, Enc. P. & P., p. 931, the rule in civil cases is stated thus:

"By the common law the plaintiff was required to be present in court in person or by attorney when the verdict of the jury was received, in order to answer to the amercement to which he was liable *pro falso clamore suo*. At the present time, however this fine or amercement is not imposed for any cause, and the costs to which he is liable if he fails

in a suit may be adjudged against him although he is not present in court at the time the verdict is rendered. While therefore, the parties to a civil cause have a right to be present at the return of the verdict, as has already been stated, for the purpose of polling the jury, yet the presence of neither is necessary to the validity of the verdict. It has been held, indeed, not even the duty of the court in a civil action to have the parties called."

In the case of *Stringer v. Sample,* 24 Pac. 425, the supreme court of Kansas held that "it is not error for a trial court to receive the verdict of the jury in the voluntary absence of the parties and their attorneys while the court is in session." In the same case in the opinion it is said:

"We do not think it necessary in a civil cause that the judge should send for the defendant or his counsel before receiving a verdict. Nor do we think the court should delay or embarrass the business of the court by waiting until a party in a civil cause comes into court before receiving the verdict. If they want to be present they must attend the sessions of the court."

In the case of *McCormick Harvesting Machine Co. v. Lauber,* 52 Pac. 577, it is said:

"The plaintiff in error contends that the court erred in receiving the verdict in his absence without notice to him. In *Seaton v. Smith,* 45 Kansas, 43, 25 Pac. 222, it is held that it is the duty of counsel in charge of the case to remain in the court room until its final disposition."

Of course the above should be limited to the sessions of the court.

There are many other cases which hold to the doctrine that it is not the duty of the court to send for counsel or to notify them when a verdict is returned in a civil cause,

but that it may be legally received in their absence. The court committed no error in receiving the verdict in the absence of counsel. Counsel who desire to absent themselves from the sessions of the court, or who desire to be present when any particular proceedings are had, should either arrange with the court for such absence, or have some one who remains about the court to notify them. It follows, that if the court committed no error in receiving and accepting the verdict of the jury in the absence of counsel, that their voluntary absence and failure to be present and object or except must be taken as a waiver of their right to have the jury answer the special questions.

In order to have this court review the action of the trial court in accepting a general verdict and in receiving the verdict and discharging the jury without requiring them to answer special questions submitted, the objection must be made before the jury is discharged, and exception saved. *Arthur v. Wallace,* 8 Kans. 267; *Long v. Duncan,* 10 Kans. 294; *Insurance Co. v. Hathaway,* 43 Kans. 399; *McPheelers v. Birk,* 48 Kans. 784; *Hazard v. Viergutz,* 6 Kans. 471.

It is next contended that the court erred in one of the instructions, wherein it was stated to be the law that under certain conditions which might be found to exist under the evidence, the local lodge would be liable but that the supreme lodge would not be liable. If this instruction mis-stated the law it cannot avail the plaintiff in error anything in this case. The verdict of the jury was that the plaintiff was not entitled to recover. and there was no state of the evidence or theory presented whereby the supreme lodge would be liable and the local lodge not liable. Unless the local lodge was liable, there

could be no recovery of the supreme body, and the verdict of the jury settled this proposition adversely to the plaintiff in error. There was no prejudicial error even though the instruction was wrong in the particular complained of, which we do not concede.

The judgment of the district court of Pottawatomie county is affirmed, at the costs of plaintiff in error.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.