WADE v. CORNISH *et al.*

No. 2164, Okla. T.  Opinion Filed Januay 13, 1909.

(99 Pac. 643.)

1. **APPEAL AND ERROR—Review—Questions of Fact—Verdict on Conflicting Evidence.** Where a cause is tried to a jury, and a general verdict returned and judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or to determine the preponderance, but will sustain the verdict of the jury.

2. **CHATTEL MORTGAGES—Consent of Mortgagee to Sale—Ratifiction of Sale by Mortgagor.** In a case where a chattel mortgage contains a proviso that the property should not be sold except on consent given by the mortgagee in writing, and the same is sold by the mortgagor without such written consent, the acceptance of the proceeds of the sale and the release of the mortgage of record by the mortgagee, knowing of such sale, is a ratification thereof, and such mortgagee is estopped from insisting on a compliance with the literal terms of the instrument.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

Action by D. S. Wade against W. R. Cornish and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Crockett & Johnson* and *Howard & Fulton,* for plaintiff in eror.

*Newell & Jackson* and *Williams & Williams,* for defendants in error.—

Oral consent of mortgagee sufficient for valid sale of chat-

tels by mortgagor: 7 Cyc. 49; *Anderson v. Brewing Co.*, 173 Ill, 213; *Frick Co. v. Milling Co.*, 51 Kan. 370; *Pratt v. Maynard*, 116 Mass. 388; *Little John v. Pearson*, 23 Neb. 192; *Penney v. Investment Co.* (Minn.) 56 N. W. 165; *Burroughs v. Butter-Ryan Co.* (Iowa) 96 N. W. 750.

Mortgagee ratifies sale by accepting proceeds: *Ayers v. McConahey* (Neb.) 91 N. W. 494; *Johnson v. Investment Co.* (Neb.) 68 N. W. 383; *Field v. Doyon* (Wis.) 25 N. W. 654.

DUNN, J. This action was begun in the district court of Cleveland county, on March 14, 1904, by plaintiff in error, against W. R. Cornish, M. Turner, and F. W. McMahan, to recover judgment on two promissory notes and foreclose two chattel mortgages executed by the defendant Cornish, to plaintiff, to secure the same. The defendants Turner and McMahan claimed an interest in the property mortgaged, and were made parties by virtue of this fact. The property covered by both chattel mortgages was the same, and among it was a team of mules. Among other conditions contained in the mortgages was one providing that no part of said mortgaged property should be sold or disposed of in any way by the mortgagor without the written consent of the mortgagee. The plaintiff pleads and offers evidence to establish that no consent either written or oral was given by him to the mortgagor to sell or dispose of these mules, while the defendants plead and offer evidence to prove that plaintiff solicited the defendant Cornish to sell, and the defendant Turner to buy, the said mules, and evidence is offered to prove that pursuant to such solicitation on the part of plaintiff the mules were purchased by Turner. It is agreed on the part of all parties that the amount, principal, and interest of the first note, covered by the first mortgage, was paid to the bank where it was on deposit for collection, on March 1, 1904, immediately after the alleged sale, delivery, and removal of the mules, and that plaintiff received the same and released the mortgage of record on March 11, 1904. The mules were taken in the nighttime by defendant Turner, who claimed to have purchased them

from Cornish, and driven to Texas, where they were recovered by plaintiff, who, as one' of the items of his complaint, charges $155 for expenses of recovery of the same.

The first note was given for money advanced to the defendant Cornish. The second one, plaintiff contends, was given to secure goods and money to be advanced to the defendant Cornish by plaintiff, to enable defendant to farm a tract of land rented him by plaintiff. It is the contention of plaintiff that he furnished him on this second note goods and money to the amount of $115. The defendant, however, contends that the said second note and mortgage was given without any consideration, whatsoever, and that plaintiff refused to allow defendant to go upon or cultivate the land, and that the same was orally rescinded and canceled under the agreement between them. Defendant Cornish denied that he was indebted to plaintiff in any particular, and in his answer pleaded an account against plaintiff in the sum of $95.60.

The pleadings are voluminous in the extreme, and for this reason are epitomized as above, believing that this statement fairly presents the controverted issues which are presented to us for determination. Both parties introduced evidence in support of their contentions, and the case was submitted to a jury, which returned a general verdict in favor of the defendants. Judgment was entered thereon, from which the plaintiff prosecuted proceedings in error in the Supreme Court of the territory of Oklahoma, which now comes to us by virtue of our succession to that court.

The plaintiff relies upon three propositions for a reversal of the case: First, the verdict of the jury is not supported by, and is in conflict with, the evidence; second, the court erred in giving instructions numbered 5, 7, 9, 10, 11, 12, and 13, wherein the jury were instructed, in substance, that the plaintiff was not entitled to recover as against either of the defendants, if they found from the evidence that prior to the commencement of the action the mortgaged property in question was, with the

consent of plaintiff, sold to the defendant Turner; and, third, that the court erred in admitting, over the objection of plaintiff, testimony showing the verbal consent of plaintiff to an alleged sale of the mortgaged property.

Discussing the first proposition, we will say that practically all of the evidence offered by either of the parties in support of the allegations of the pleadings was admitted by the court to go to a jury, and of all of the evidence which was so admitted only that portion relating to the alleged verbal consent of plaintiff to the alleged sale of the mortgaged property is excepted to and presented to us for our consideration. The testimony was conflicting on practically every material point; the plaintiff denying in all particulars having given consent to the sale of the mortgaged chattels. The defendant, on the other hand, produced much evidence on this point contradicting the plaintiff. There was clearly presented the simple question of the veracity of these parties, and the jury, with all of them before it, found in favor of the defendant, and a careful reading of the record before us to our mind reasonably supports such verdict. The rule in such cases is clearly laid down by the Supreme Court of the territory of Oklahoma in the case of *Kuhl v. Supreme Lodge Select Knights and Ladies.* 18 Okla. 383, 89 Pac. 1126, as follows:

"Where a cause is tried to a jury, and a general verdict returned and judgment rendered on the verdict, and the evidence is conflicting and contradictory, and there is competent evidence to sustain the verdict, this court will not undertake to weigh the evidence or to determine the preponderance, but will sustain the verdict of the jury."

Under these circumstances, we are not able to agree with counsel on his first proposition.

The second exception which is urged by counsel in his brief is to the seven instructions above noted. No single one of them is selected or argued, but they are all embraced in a single exception; the contention being that they were wrong, because given on the theory that, by consenting to the alleged sale, plaintiff waived his mortgage lien, and counsel insisting that, while

such might be the law under some facts, it was not the law under the facts in this case, stating in his brief that "a mortgagor does not waive his mortgage lien by consenting to a sale of the mortgaged property, when the consent is based upon the understanding or agreement that he is first to be paid his indebtedness." In our judgment the question raised by this exception will be covered and met by the consideration and determination of the third contention made by counsel for plaintiff, relating to the admission of verbal consent of plaintiff to the alleged sale of the mortgaged property. Under the finding of the jury, we are bound to come to the conclusion for the determination of this question that plaintiff authorized verbally the mortgagor to sell the mules. Immediately after the transfer of this property, Turner, who purchased the mules, went to the Citizens' Bank of Norman, where the first note and mortgage were on deposit for collection, and paid off the entire mortgage debt represented thereby, and plaintiff, on returning from a search for the mules and finding that the note had been paid, received the money from the bank, and released of record the chattel mortgage. Whatever may have been plaintiff's rights to insist upon the consent for any sale to be in writing, his acceptance of the money received from the sale of the mortgaged chattels, and releasing the mortgage of record, ratified the sale. Such seems to be the general holding of the courts. See 7 Cyc. pp. 49, 50, and authorities there cited; *Ayres v. McConahey et al.,* 65 Neb. 588, 91 N. W. 494; *Field v. Doyon,* 64 Wis. 560, 25 N. W. 653; *Johnston v. Milwaukee & Wyoming Investment Company,* 49 Neb. 68, 68 N. W. 383.

From a careful consideration of the entire case, we are satisfied that the issues were fully presented by the pleadings, that there was no error either in the admission or rejection of the evidence offered, and that the instructions clearly stated the law to the jury, and the judgment of the lower court is accordingly affirmed.

All the Justices concur.