HERMAN F. MOSEMAN ET AL. V. STATE OF NEBRASKA, EX REL. JOHN M. HENCH, COUNTY ATTORNEY.

FILED FEBRUARY 9, 1900.   No. 11,067.

**Joint Assignment of Error.** A joint assignment of error in a petition in error made by two or more persons, which is not well taken as to all who joined therein, will be overruled as to all.

ERROR from the district court of Dixon county. Tried below before EVANS, J. *Affirmed.*

*W. A. Martin* and *R. G. Strong*, for plaintiffs in error.

*McCarthy & Pearson* and *Joshua Leonard, contra.*

NORVAL, C. J.

This was a proceeding in quo warranto instituted in the court below by the state, on the relation of the county attorney of Dixon county, to test the right of respondents to act as trustees of the village of Emerson, to oust them therefrom, and install Louis Swartz, James McHenry, Ed L. Ross, Charles C. Bondreau and Jacob Jansen therein. The respondents, Michael Schindler and Charles P. Jacobson, answered the application, each disclaiming all right and title to the office of trustee of said village, and to any privileges or franchises belonging thereto, and averring that his term of office as trustee expired in the spring of 1899 pursuant to the election and qualification of his successor in office, as set forth in the information of the relator. The other defendants answered, seting up their title to the offices of trustees. The trial resulted in a judgment being entered ousting the respondents from said offices and instating therein Swartz, McHenry, Ross, Bondreau and Jansen. All the respondents joined in a motion for a new trial and have filed a joint petition in error herein.

Under article 1, chapter 14, Compiled Statutes, 1897, the respondents were the duly qualified and acting trustees of the village of Emerson at and prior to the village election held on April 4, 1899. The legislature of 1899 passed an act with an emergency clause amending sections 41, 42 and 60 of said article and chapter, and repealing the original sections, which act was approved by the executive on April 1, 1899, or three days prior to the holding of the election that year in the village of Emerson, and at which election Swartz, McHenry, Ross, Bondreau and Jansen respectively received the highest number of votes for the office of trustee of said village. The original sections provided for the election of five trustees for each village to serve for the term of one year and until their successors are elected and qualified. The amendatory act made provision for the same number of trustees, "two of whom shall be elected to serve one year, three of whom shall be elected to serve two years, said election to take place at the first annual election after passage of this act; and at each alternate election thereafter two shall be elected to serve two years and three shall be elected to serve two years." The respondents, or rather a portion of them, assert title as hold-over officers, claiming that the persons instated as their successors were elected under the provisions of the original act and not in accordance with the amendatory sections, and, as said amendatory law had been approved by the governor prior to the election in April, 1899, the original sections were not then in force, and the election was, therefore, a nullity. We are precluded, in this proceeding, from inquiring into or passing upon the merits of this contention, for the reason that the respondents all joined in a motion for a new trial, and, jointly, have prosecuted error to this court, while two of them, Schindler and Jacobson, admitted the averments of the petition and disclaimed all right and title to the offices of trustees. The judgment as to them was, therefore, not erroneous. The doctrine has been often stated by this court that a joint assign-

ment of errors in a petition in error, made by two or more persons, which is not well taken as to all who joined therein, will be overruled as to all. See *Gordon v. Little*, 41 Nebr., 250; *Harold v. Moline, Milburn & Stoddard Co.*, 45 Nebr., 618; *Small v. Sandall*, 45 Nebr., 306. Applying this rule to the case at bar, the judgment must be

AFFIRMED.