## SEWARD v. CASLER *et al.*

No. 163.    Opinion Filed July 13, 1909.

(103 Pac. 740.)

1. **BOUNDARIES—Government Corners—Conclusiveness.** The definitely ascertained monuments or corner stones fixed by the government surveyors as the boundary between sections, if ascertainable, must govern.

(1a)  In re-establishing corners and boundary lines destroyed or in dispute, such monuments or corner stones must control both courses and distances.

2. **APPEAL AND ERROR—Review—Questions of Fact—Findings of Court.** Where the testimony was oral and conflicting, and the finding by the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

(2a)  Where a case is tried by the court without a jury, and special findings of fact are made, and those findings are based upon oral testimony, such findings are conclusive upon this court upon any disputed and doubtful questions of fact.

(Syllabus by the Court.)

*Error from District Court, Woodward County; J. L. Pancoast, Judge.*

F. E. Casler and others filed a petition with the County Surveyor for a survey of their lands, and a survey was thereafter made and report filed in his office. T. J. Seward appealed from the survey to the District Court, where the survey was affirmed, and Seward brings error. Affirmed.

On the 12th day of February, A. D. 1906, there was filed in the office of the county surveyor, J. A. Innis of Woodward county, Okla. T., a petition, the body of which is in words and figures as follows:

"We the undersigned owners or occupants of the following described tracts of land situated in Woodward county, Okla, T.. desire to permanently establish the corners and boundary lines

thereof as herein described, to wit: Beginning at the southeast corner of section 33, Twp 25 N. of range 24, W. I. M. in Woodward county, territory of Oklahoma thence north between sections 33-34-27-28-21-22-15-16-9-10-3 & 4 to the northeast corner of section 4 of the above Twp. and Range in order to establish the mile and half-mile corners of above-described sections according to the government field notes.

[Signed]

| Name of Owner or Occupant. | Part of Sec. | Section. | Twp. | Range. | Address. |
|---|---|---|---|---|---|
| F. E. Casler | SW¼ | 27 | 25 | 24 | May |
| J. E. Feather | | 16 | 25 | 24 | May |
| Anna E. Spaugy | | 21 | 25 | 24 | May |
| A. L. Best | SW¼ | 27 | 25 | 24 | May |
| John S. Sever | SW¼ | 28 | 25 | 24 | May |
| Mary Sever | NW | 28 | 25 | 24 | May |
| Jas. Vanfleet | SE | 21 | 25 | 24 | May |
| E. Pennington | NW | 21 | 25 | 24 | May |
| Mary M. Vanflect | NE | 21 | 25 | 24 | May |
| John Stephens | SE | 9 | 25 | 24 | May |
| James Kelley | NW | 15 | 25 | 24 | May |
| A. E. Foote | SE | 9 | 25 | 24 | May |
| A. F. Higgins | SW | 28 | 25 | 24 | May O. T. |
| E. F. Deal | NW | 34 | 25 | 24 | May |
| C. H. Deal | SE | 34 | 25 | 24 | May |
| C. W. Pile | | 20 | 25 | 24 | May |
| S. H. James | SE | 22 | 25 | 24 | May |
| J. W. Chapman | SW | 21 | 25 | 24 | May |
| C. F. Kyle per J. W. Chapman | NE | 28 | 25 | 24 | Geary O. T. |
| Geo. C. Gray | | | | | May " " |

In a supplemental statement it was averred that the names and addresses of owners or occupants to be affected by said survey, other than the petitioners, are: John S. Harman, Chicago, Ill.; Newt. Tope, Denison, Tex.; O. L. Lewis, May, Okla.; John Ryel and W. F. Hogan, Wesner, Okla.; T. J. Seward, Cupid, Okla.; Chas, Staker, May, Okla.; Phillips Potter, John Cornell, and one Mackey, Woodward, Okla.

After proof of notice of said survey was made, the 14th day

of March, 1906, was fixed as the day on which to begin to make said survey and locate and establish the corners and boundary lines, as provided for in said petition, and notice was caused to be served as required by law upon each of the parties mentioned in said petition as being persons who might be affected by said survey. On account of stormy weather, it was impossible to commence work at said time, and after the chainmen and flagmen were qualified, on March 15, 1906, said survey proceeded. Thereafter, on April 30, 1906, the report of said survey, together with a plat thereof, was filed in the office of said county surveyor, and his said report, as shown by the field notes and the plat of said survey, was filed by said surveyor in the office of county surveyor, on the 5th day of April, 1906. Within 30 days thereafter, to wit, on the 23d day of April, 1906, the plaintiff in error, T. J. Seward, being served with notice of said survey and being aggrieved thereby, appealed therefrom to the district court by filing with said county surveyor notice of his intention to appeal. Said plaintiff in error within said time executed a bond with two sureties which was approved by and filed with the clerk of said court, running to said clerk and conditioned as provided by law. On the 30th day of April, 1906, said surveyor certified said appeal to the clerk of said court by filing with said clerk a certified copy of the report of said survey and the original notice of appeal therefrom, together with the field notes and the report of the county surveyor of a former survey made of the same section lines involved in this case by said county surveyor and G. W. Havelin, county surveyor of Woods county, Okla. T., completed on March 4, 1904, and referred to in the survey herein appealed from.

*Chas. R. Alexander* and *Dale & Bierer,* for plaintiff in error. *Chas. Swindall* and *J. R. Dean,* for defendants in error.

Williams, J. (after stating the facts as above). The plaintiff in error in his brief says:

"The only question involved in this case is: Which will prevail, the government monuments found on the ground, or the courses and distances?"

It is a well-settled rule that the definitely ascertained monuments or corner stones fixed by the government surveyors as the boundary between sections must govern, and that in re-establishing corners and boundary lines destroyed or in dispute they must control both courses and distances; but in this case the lower court, without the intervention of a jury found:

　"That the section, quarter-section, and half-section corners along the line between sections 3 and 4, 9 and 10, 16 and 15, 21 and 22, 28 and 27, 33 and 34, which are claimed to be government corners by the appellant, T. J. Seward, are not sufficiently marked, located, and described to be recognized by the said county surveyor as government corners; * * * that said corners are not established at the places indicated in the government field notes according to the correct measurement called for in said field notes; that said corners are not government corners established by the government surveyors of the United States at the time said survey was made; that the same should not be recognized by said county surveyor in making said survey; and that said county surveyor properly disregarded said alleged and pretended corners."

Counsel for plaintiff in error in their briefs have advanced some very strong and pertinent arguments as to why such conclusion should neither have been reached by the county surveyor nor by the trial court; but such arguments were for the consideration of the lower court, and, there being competent evidence in the record upon which the court might have made such a finding, when so made it is conclusive, on appeal, on this court.

In the case of *McCann v. McCann et al.* (decided by this court at this term), *ante*, p. 264, 103 Pac. 694, it was held that: (1) "Where the testimony was oral and conflicting, and the finding by the court is general, such a finding is a finding of every special thing necessary to be found to sustain the general finding, and that such general finding is conclusive upon the appellate court upon all doubtful and disputed questions of fact." And (2) "Where a case is tried by a court without a jury, and special findings of fact made, and those findings are based upon oral testimony, it is settled that in this court such findings are conclusive upon any disputed and doubtful question of fact." It was fur-

ther held in the same case that, on appeal here, all that we can do is "to see whether there is such a lack of evidence that we can say as a matter of law that the finding is erroneous." Although we may find that there is a preponderance of the evidence in the record against the finding of the trial court, yet, in view of the rule in the case of *McCann v. McCann et al.,* *supra,* which is unvaryingly supported, not only by numerous cases previously decided by this court, but also the Supreme Courts of the territory of Oklahoma and of Kansas, we would not be justified in this case in disturbing the finding of the lower court.

The issue in the lower court was principally one of fact; there having been a conflict on practically every material issue. The court further found:

"The section line in dispute in this case and the survey made by J. A. Innis, as county surveyor, upon the petition and application of F. E. Casler, J. E. Feather, *et al.,* and from which said survey said T. J. Seward, the appellant herein, appeals to said court, was in all respects made by said J. A. Innis, as county surveyor of Woodward county, territory of Oklahoma, in conformity to law and the rules and regulations of the government of the United States relative to surveys. *  *  * That said survey was in all respects made by said county surveyor, J. A. Innis, in accordance with the true lines and measurements called for in the government field notes, and that the location and establishment of the section corners, half-section, and quarter-section corners in all the sections in said township conformed to the true lines and measurements called for in the government field notes, and the court approves said survey of said township 25 north of range 24 west of the Indian Meridian as true and correct, and orders said survey as reported by said county surveyor and a copy of this decree to be recorded in the record of permanent surveys of Woodward county, territory of Oklahoma. *  *  * That the section corners, half-section corners, and quarter-section corners established along the section line running north and south between sections 3 and 4, 9 and 10, 16 and 15, 21 and 22, 28 and 27, 33 and 34, were located by said county surveyor at the place and point called for in the government field notes, and are the correct corners according to the true lines and measurements found by the government field notes as established by the government sur-

veyors at the time said survey was made, and that all the section
lines, section corners, half-section corners, and quarter-section cor-
ners along the section line running north and south between all
the sections in township 25 north of range 24 west in Woodward
county, territory of Oklahoma, and all the section corners, half-
section corners, and quarter-section corners established by J. A.
Innis, along the section lines running east and west between all
the sections in township 25 north of range 24 west in Woodward
county, territory of Oklahoma, were correctly established by him
and are hereby in all things made permanent to each and every
person notified of said survey, as shown by the records in this
case.   *   *   *   That the section corners, half-section corners,
and quarter-section corners along the section line running north
and south between sections 3 and 4, 9 and 10, 15 and 16, 21 and
22, 27 and 28, 33 and 34, be and the same are hereby permanently
established at the place where the same were located, fixed, and
established by J. A. Innis, county surveyor of Woodward county,
territory of Oklahoma, between said sections in township 25 north
of range 24.   *   *   *   That all the other section corners, quarter-
section corners, and half-section corners in township 25 north of
range 24, in so far as they are affected by this survey, and in
so far as they relate to persons who received notice or are parties
interested in this survey, are hereby permanently established and
located."

The trial court further said:

"The evidence shows in this case that the line claimed by the
appellant to be the line is evidently erroneous, in that it does
not comply with the government survey, in measurements, at
least, for the reason that it cuts sections 4, 9, 16, 21, 28, and 33
in the neighborhood of 70 or 80 acres short of what the govern-
ment survey provides, and it leaves sections 3, 10, 15, 22, 27 and
34 an equal amount over the 640 acres. The evidence shows that
the entire township has a small surplus. The evidence also shows
that the other corners in the other sections, or places which are
claimed to be corners, are not correct according to the government
survey or field notes, but that the line between 4 and 5 and 32
and 33, running north and south, as far as anything has been
explained to be corners, is more nearly correct than the line in
dispute or the line east and west of it. Now, the evidence in
this case shows that there are but two corners on this line in
dispute, namely, the corner common to sections 3 and 4, on the

south boundary, and the one common to 15 and 16, on the south boundary, that conform in any manner substantially to the government field notes. The quarter-section corners are entirely wanting and missing. At one place, between sections 9 and 10, it is claimed that there was a stake found; but the evidence shows that it was not a stake such as was used by the government at the time this survey was made, and also that it is at a place where it might have been driftwood. There is some great mistake, either in the survey itself or in the ideas of the persons who claim to have found these corners and claim they are corners. The court is of the opinion that the surveyor who surveyed this line in this township was correct in his judgment that these corners could not be held to be corners, and that therefore he made his survey according to the field notes and measurements which give to each section the land that it is entitled to. To uphold the claim of the plaintiff that this old survey is a correct one is so obviously unfair, cutting off on the west of it 80 acres, or thereabouts, and giving a surplus to the sections on the other side, that the court cannot come to a conclusion that it is right. We all know that under the rules of surveying these interior sections are not sections that may overrun or be insufficient in amount; but they are supposed to be full quarter sections and full sections. There is no rule of surveying that would lead a surveyor to cut these sections short in that way, so that the court has come to the conclusion that the survey made by the county surveyor is a correct one, and the only one that can be upheld."

We are unable as a matter of law to say that the court erred in such finding.

Failing to find as a matter of law that the finding of the trial court, without the intervention of a jury, is erroneous, the judgment of the lower court is affirmed.

All the Justices concur.