## PATTERSON *et al.* v. MEYER.

No. 675.  Opinion Filed November 16, 1910.

Rehearing Denied March 21, 1911.

(114 Pac. 256.)

1.  APPEAL AND ERROR—Review—Findings of Fact—Conclusiveness. (a) Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, the same will not be disturbed on the weight of the evidence.

(b) Where the testimony is oral and conflicting and the finding of the court is general, such finding is a finding of every special thing necessary to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

2. **FRAUDS, STATUTE OF—Parol Agreement Locating Boundary.** Where the boundary line between joint owners of realty is in dispute, a parol agreement between them locating such boundary line is not within the statute of frauds.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action by Nora Meyer against W. K. Patterson and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Tibbetts & Green* and *Devereux & Hildreth,* for plaintiffs in error.

*C. G. Hornor,* for defendant in error.

WILLIAMS, J. This action was commenced on January 23, 1905, by the defendant in error as plaintiff against the plaintiffs in error, W. K. Patterson and N. H. Patterson, as defendants, being in the nature of ejectment, to recover a strip of ground one-half inch in width along the east side of the north 31 feet of lot 13, block 57, in the city of Guthrie, and damages, resulting from a controversy as to a certain boundary line. The plaintiff, in connection with other evidence, based her right to recover upon an agreement, which, in part, provided that "the county surveyor of said Logan county, Oklahoma Territory, shall locate said line by the U. S. government survey, and the line so located, shall be and the same shall constitute the boundary line between the premises of the said parties to this agreement," and that "either party may, at his own discretion and at his own cost, select an engineer who shall be present with the said county surveyor, when said survey is being made," and that "said county surveyor shall prepare a plat with the field notes of said survey and when the same shall have been completed, the same shall be filed for record and recorded in the proper office of Logan county, Oklahoma," and

Vol. 28—20.

that "the parties hereto waive all notice and time of making said survey, as provided by the laws of Oklahoma Territory." Such agreement was signed, "Patterson Brothers, by W. K. Patterson, Party of the First Part," and "Mrs. Fred Meyers, by S. E. Seely, Atty. for Party of the Second Part." W. K. Patterson and N. H. Patterson owned jointly the lot adjoining that of the plaintiff. Patterson Bros., as partners in the furniture business, had occupied said adjacent lot and premises for a number of years in the conduct of their business. The defendants each by verified answer denied that W. K. Patterson had authority to bind his brother in the execution of said agreement, which was drawn up by George S. Green, attorney, at the instance of W. K. Patterson. Pursuant to said agreement, the county surveyor was petitioned to establish the boundary line between said two lots. The survey was made by him, and the line as established by him shows that the plaintiff was entitled to the possession of the portion of the lot herein sued for. At the trial there was other evidence introduced to show, independent of the survey, that the line established by the county surveyor was the correct boundary. The case was tried to the court without the intervention of a jury, and a general verdict rendered in favor of the plaintiff.

This court has time and again declared that (a) where a cause is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence; and (b) where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. *McCann v. McCann et al.*, 24 Okla. 264, 103 Pac. 694; *Seward v. Casler et al.*, 24 Okla. 275, 103 Pac. 740. For such reason the judgment of the lower court must be affirmed, unless, as suggested, that, "even if Nathan Patterson authorized his brother to execute the contract, the authorization would have to

be in writing." The rule seems to be well established that as to boundary lines between joint owners of realty in dispute an oral agreement between them locating such boundary lines is not within the statute of frauds. *Hagey v. Detweiler,* 35 Pa. 409; *Bobo v. Richmond,* 25 Ohio St. 115; *Hills v. Ludwig,* 46 Ohio St. 379, 24 N. E. 596; *Lecomte v. Toudouze et al.,* 82 Tex. 208, 17 S. W. 1047, 27 Am. St. Rep. 870; 2 Page on Contracts, § 729; Reed on the Statute of Frauds, § 745. In *Hagey v. Detweiler, supra,* it is said:

"The objection urged against the ruling of the trial court is drawn from the statute of frauds. It is supposed that boundaries fixed by parols are within the operation of the statute. This is a mistake. The statute is a rule of conveyance. It requires a writing to create an interest in lands. But adjoining owners who adjust their division line by parols do not create or convey any estate whatever between themselves. No such thought or intention influence their conduct. After their boundary is fixed by consent, they hold up to it by virtue of the title deeds, and not by virtue of a parol transfer. Generally, indeed, they feel that their rights as defined in the title papers have been abridged rather than enlarged by the agreed line; and this because their treaty proceeds on the basis that the exact right between them is doubtful. Out of the doubtfulness of the right springs the consideration which binds parties to such agreements. This is plainly taught in the leading case of *Perkins v. Gay,* 3 Serg. & R. (Pa.) 331 [8 Am. Dec. 653]. * * * For the sake of peace and good neighborhood, they agree that a doubtful fact shall be ascertained and indicated in a particular manner; and the practice of the courts has been to encourage such compromises."

The general rule is that an agreement between joint owners establishing an uncertain and disputed boundary line is conclusive upon them and all parties claiming under them. See authorities cited at footnote 60, p. 934, 5 Cyc.

It is further insisted by the defendant in error that the proceeding in error is prosecuted jointly by the plaintiffs in error, and, as beyond doubt the judgment is without error as to W. K. Patterson, the same will be affirmed. Elliott's Appellate Practice, § 318; *Moseman et al. v. State ex rel.,* 59 Neb. 629, 81 N. W. 853,

and *Vought v. Gedney*, 31 Misc. Rep. 760, 64 N. Y. Supp. 712, are cited in support of that contention. But to dispose of this case it is not essential to pass on this question.

The judgment of the lower court is affirmed.

All the Justices concur.