JEFFERS v. HENSLEY.

No. 765.  Opinion Filed March 21, 1911.

(114 Pac. 1101.)

**APPEAL AND ERROR—Verdict—Conflicting Evidence—Review.** When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support every material averment necessary to uphold the verdict, and the trial court in its instructions to the jury fully and fairly states the issues and fixes the burden thereon as the same are presented by the pleadings and evidence, and a verdict is rendered which from all the facts appears to meet the requirements of justice, which is approved by the trial court and judgment is rendered in accordance therewith, this court will not reverse the order of the trial court denying a motion for a new trial.

(Syllabus by the Court.)

*Error from District Court, Wagoner County; John H. King, Judge.*

Action by Oscar Jeffers, administrator of the estate of Alex Clarkston, against Jasper W. Hensley, for conversion of certain cattle. Judgment for defendant, and plaintiff brings error. Affirmed.

*Charles G. Watts* and *Leon B. Fant,* for plaintiff in error.
*Robert F. Blair* (*W. O. Rittenhouse,* of counsel), for defendant in error.

DUNN, J. This case presents error from the district court of Wagoner county. March 15, 1907, plaintiff in error, as plaintiff, filed his action against Jasper W. Hensley to recover of and from him the value of 135 head of cattle in the sum of $2,500, which he alleges the defendant wrongfully converted to his own use on or about the 24th day of August, 1905, and which cattle plaintiff alleges were the property of Alex Clarkston, deceased, of whose estate plaintiff was the administrator.

The defendant in error, Jasper W. Hensley, as defendant, filed an amended answer therein, September 17, 1908, in which he denied the allegations and averments of plaintiff's complaint, and averred that 42 head of the cattle of which he was charged with converting were not the property of decedent, but were the separate property of decedent's wife, Maggie J. Clarkston, now known as Maggie J. Shanafelt, and that Alex Clarkston had no interest therein. He further alleged that at the time of the death of Alex Clarkston his estate was solvent, and that the property in controversy descended in accordance with the statutes then in force, one-third to his widow and the remaining two-thirds to his heirs at law and personal representatives of said Clarkston. That at the time of his death the decedent owed $987.15 to the First National Bank of Porter, Okla., as evidenced by promissory notes, and that Maggie J. Clarkston, now Maggie J. Shanafelt, became indebted to the defendant in the sum of $143, and that she, with the intention and for the purpose of paying off and discharging the said indebtedness, delivered all of the said cattle to the defendant. That defendant's acts in reference to the said cattle were done as the duly authorized agent of the said creditor bank, and that the said cattle were received by him as such agent, and that he had no personal interest in the same, and that as agent for the said bank he gathered and sold the same for the sum of $1,090. The reply of plaintiff was a general and a specific denial of the averments of the answer. The issues thus made were tried to a jury, which returned a verdict in favor of plaintiff in the amount of $27.85. A motion for new trial was

duly filed and denied; judgment was rendered in favor of plaintiff, who has brought the case to this court for review. It is to be noted that the law applicable at the time of the facts and the filing of the action was that in force in the Indian Territory prior to statehood.

Counsel for plaintiff predicate their claim for reversal upon two grounds; first, that the verdict of the jury was wrong on the evidence adduced, in that it should have been for plaintiff for the full amount claimed, or at least for the full value of all cattle other than the 42 head claimed by the widow; and, second, that the court failed to present to the jury for its consideration plaintiff's theory of the case. The defendant, against whom judgment was rendered, makes no complaint of the same and insists on its affirmance.

In reference to plaintiff's first ground, an investigation of the claims as presented by the briefs and by the record shows that the evidence was conflicting; it being plaintiff's claim that the defendant acted in his individual capacity, and defendant's contention that he acted merely as an agent for a responsible concern, to gather the mortgaged cattle and sell them to pay the debt. There was evidence received which would have supported a verdict for either party; hence the verdict of the jury under these circumstances is conclusive upon us. We are without authority to take the evidence of the different witnesses, and, weighing the same, determine on which side the truth lies. This authority and duty is vested in and imposed on the trial jury, and when it has acted its conclusion, if the record discloses evidence reasonably tending to sustain it, is final. As has been heretofore said by this court:

"The evidence on the part of both parties having been fully presented to the jury under the conditions of this case, its verdict must be considered final, in accord with the rule frequently annunciated by this court that when controverted questions of fact are submitted to a jury and the evidence adduced is conflicting and contradictory, and there is competent evidence reasonably tending to support and uphold the verdict, and where the trial court

approves the verdict and renders judgment in accordance therewith, and a new trial is refused, this court will not disturb the verdict of the jury and the judgment of the court on the weight of such evidence. *Strickler v. Gitchel,* 14 Okla. 523, 78 Pac. 94; *Kuhl v. Supreme Lodge Select Knights and Ladies,* 18 Okla. 383, 89 Pac. 1126; *Everett v. Akens, Sheriff,* 8 Okla. 184, 56 Pac. 1062; *Archer et al. v. United States,* 9 Okla. 569, 60 Pac. 268; *Kramer v. Ewing,* 10 Okla. 357, 61 Pac. 1064; *Wade v. Cornish,* 23 Okla. 40, 99 Pac. 643." (*McMaster v. City Nat. Bank of Lawton,* 23 Okla. 550, 101 Pac. 1103.)

See, also, *Hobbs v. Smith et al.,* 27 Okla. 830.

The general verdict of the jury found further and definite support in answers which it made to certain requests for special findings, wherein it found specifically that Maggie J. Clarkston was the owner of the 42 head of cattle claimed by her, and that the defendant, Jasper W. Hensley, received 65 head of cattle other than these, the value of which was $975. That at the time they were received by him the indebtedness owing the bank was $947.15. This indebtedness was paid, and there was left in the hands of the defendant $27.85, for which the jury gave verdict.

An inspection of the instructions shows that the court in its first paragraph thereof stated succinctly and definitely plaintiff's contention and claim, and in the second paragraph set forth in detail an accurate concise statement of the claims made by the defendant, and in instruction No. 1 told the jury that the burden of proof was on the plaintiff to sustain his contention by a preponderance of the evidence. It was shown in the evidence that the bank referred to held a mortgage on all of these cattle, and it was contended, testified to, and evidently found by the jury that the defendant, Hensley, acted merely as the agent of the bank, and that the proceeds of the cattle were applied to the payment of this indebtedness, leaving a balance in his hands, for which the jury found a verdict in his favor. Hensley squarely tendered the issue of his acting as an agent for the bank; the plaintiff averred his personal liability; the issue thus tendered was settled by the jury in favor of defendant; had plaintiff sued

the bank, it could have made the same defense that the defendant did in this case, to wit, that it held a mortgage on the cattle and was entitled to the possession of the same for its liquidation, and Hensley, as its agent, was entitled to make the same defense. *Capps v. Vasey Bros.*, 23 Okla. 554, 101 Pac. 1043. There is no claim made that the indebtedness was not due the bank, or that the cattle were not mortgaged to pay the same, and, while the method by which they were taken, and their proceeds used to liquidate the indebtedness for which they were pledged, may have been irregular, yet, as we view the entire record, substantial justice has been accomplished in the trial, and the judgment is accordingly affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., not participating.