## FIRST BANK OF HOFFMAN v. HARRISON.

### No. 971.   Opinion Filed July 11, 1911.

### (116 Pac. 789.)

1. **WITNESSES—Cross-Examination.** The issue was as to whether H. executed a certain mortgage to F. Bank. H. admitted receiving a certain sum or sums of money on or about that time, but contended that no part thereof was intended to be secured by such mortgage. **Held,** that it was permissible on cross-examination of the officers of F. Bank to bring out facts tending to show that, independent of said mortgage, such sums of money loaned to H. were repaid by him to said bank.

2. **APPEAL AND ERROR—Review—Conflicting Evidence.** Neither any *incompetent evidence having been received* nor any *competent evidence having been rejected,* and the cause having been submitted to the jury under proper instructions, there being a conflict in the evidence, the verdict in favor of H. will not be disturbed on review in this court.

.(Syllabus by the Court.)

*Error from District Court, Muskogee County; Malcolm E. Rosser, Judge.*

Action by the First Bank of Hoffman against Henry Harrison. Judgment for defendant, and plaintiff brings error. Affirmed.

*Powell & Parks,* for plaintiff in error.

WILLIAMS, J.   This is an action in replevin commenced

by the plaintiff in error, as plaintiff, in the United States Court for the Western District of the Indian Territory at Muskogee against the defendant in error, as defendant, for the recovery of two horses and certain corn and cotton. At the time of the erection of the state said cause was transferred to the district court of Muskogee county. The plaintiff claims the right to the possession of said chattels by virtue of a certain mortgage. The defendant denied its execution. The issues were submitted to the jury under proper instructions and a verdict rendered in favor of the defendant. Neither was any exception saved nor is any complaint made in this court as to the instructions to the jury in the trial court.

Plaintiff in error complains of certain evidence brought out on the cross-examination of its witnesses, who were officers of the plaintiff bank, by counsel for the defendant. These objections seem to be without merit. The question at issue was whether the mortgage upon which the action was based was executed by the defendant. If it was, the court instructed the jury that the plaintiff was entitled to prevail, otherwise the verdict should be for the defendant. The defendant admitted that he had borrowed certain sums of money from the plaintiff. Plaintiff's theory was that such sums of money were a part of the consideration of the mortgage. On cross-examination evidence was brought out to show where defendant had paid plaintiff's officers certain sums of money, evidently on the theory that this transaction accorded with defendant's theory. The case seems to have been fairly tried under proper instructions. There was substantial evidence upon which the jury could find a verdict in favor of the defendant. Such being the case, the judgment of the lower court must be affirmed.

All the Justices concur.