## THIGPEN v. RISBY.

No. 3213.    Opinion Filed November 11, 1913.

(136 Pac. 418.)

**APPEAL AND ERROR**—Review—Questions of Fact.   Where a case is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence.

(Syllabus by Galbraith, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Lizzie Risby against J. H. Thigpen for cancellation of deed.   Judgment for plaintiff, and defendant brings error. Affirmed.

*J. H. Sutherlin* and *Bailey & Wyand,* for plaintiff in error.

*Murphey & Noffsinger,* for defendant in error.

Opinion by GALBRAITH, C.   The petition filed in the district court by the defendant in error, omitting the caption, was in the form following:

"That she was formerly the owner of the northeast quarter of section 7, township 18 north, range 16 east of the Indian base and meridian in Wagoner county, Okla., and that the same was her allotment as a Creek freedman citizen, and was duly allotted and patented to her as a member of said Creek Tribe of Indians.

"II. That heretofore, to wit, on the 6th day of June, 1904, when she was of full age, and competent to convey, and after the restrictions on her said land had been removed by act of Congress, she sold and conveyed the east half of the northeast quarter of section 7, township 18 north, range 16 east, containing 80 acres, more or less, in Wagoner county, Okla., to one Julius Deutsch.   Her husband, Tom Risby, joining with her in the conveyance to the said Julius Deutsch on said date, and that she received from the said Julius Deutsch as the purchase money from said land the sum of $1,080, and that afterwards, to wit, on the 24th day of September, 1904, she sold and con-

veyed the northwest quarter of the northeast quarter, of section 7, township 18 north, range 16 east, containing 40 acres, more or less, in Wagoner county, to the said Julius Deutsch, for the purchase price of $500, and on said date executed to him, her husband, Tom Risby, joining therein, a warranty deed to said land, and received from him the full purchase price thereof, to wit, the sum of $500.

"III.   That at the time of the making of both of said conveyances, the said plaintiff herein was of full age, and competent to convey said land, and represented to the said Julius Deutsch that she was of full age, and received from him the sum of $1,580 in full for her surplus allotment in the same and conveyance of said land to him.

"IV.   That subsequently, to wit, on the —— day of ——, 1907, this defendant came to plaintiff and falsely and fraudulently represented to her that her former deeds to said land were void and of no force and effect, for the reason that she was not of full age, and had not at that time attained the age of eighteen years, and represented to plaintiff that she was mistaken about her age at that time, and that he would be able to prove, by a number of witnesses who knew the facts, that she was, at that time, under age, and if she would convey the land to him, and also her homestead, he would set aside the title made by her conveyances to Julius Deutsch, and would convey to her 40 acres of said land, and would then deed her 40 acres in exchange of her homestead 40, and pay her a difference of $140.

"V.   Plaintiff says she is an ignorant woman, unused to doing business, and that she protested at that time that she was of age at the time she made the conveyance to the said Julius Deutsch, and that it was not true that she was under age, nor did she, the plaintiff, believe he could make proof to that effect.

"VI.   Plaintiff says that the defendant persisted in his representations and statements as to her age and as to the fact that he could make proof that she was a minor at the time of the conveyance aforesaid, and finally induced the plaintiff to make conveyance to him of her homestead, to wit, the southwest quarter of the northeast quarter of section 7, township 18 north, range 16 east, by reason of said representations, upon his agreement to convey to her the southeast quarter of the northeast quarter of section 7, township 18 north, range 16 east, in Wagoner county, Okla., which he represented to plaintiff that he had a good title to, and that he would pay her, the said plaintiff, $150 difference

between said trade, to represent the value of improvements on the homestead 40.

"VII. That plaintiff did execute the deed to her homestead, and also made a conveyance to her surplus allotment theretofore conveyed to Julius Deutsch, to the said defendant, relying on his representations and believing the same to be true, and thereupon the said defendant executed a quitclaim deed to the southeast quarter of the northeast quarter of section 7, township 18 north, range 16 east, in Wagoner county, Okla., to this plaintiff.

"VIII. Plaintiff alleges that defendant further agreed and bound himself to execute a warranty deed to the latter tract of land, and thereby conveying, with a deed of full covenant of warranty, full title to said land, but that after plaintiff had executed the deed to him of her allotment, she discovered that the deed he had executed was not a warranty deed, but was a quitclaim deed, and she since discovered that the plaintiff had no right or title to said land, or no interest therein at the time of his conveyance of said land to her, and in that respect the consideration for the deed to her homestead land to the defendant has failed.

"IX. Plaintiff alleges that she is in possession of said premises, and has been occupying the same, to wit, the southeast quarter of the northeast quarter of section 7, township 18 north, range 16 east, for the last two years.

"X. Plaintiff has recently learned that all the statements and representations made by the defendant to her that induced her to make the conveyance to him were and are false and fraudulent; that she was not under the age of eighteen at the time of her conveyance of her surplus land to the said Julius Deutsch; that the plaintiff cannot prove by said relatives, or any of them, that she was not of the full age at that time; that the defendant did not have title to the 40 acres conveyed to her out of her surplus allotment; and that all of said statements were known by the defendant to be false and said representations to be untrue at the time they were made to him.

"XI. Plaintiff alleges that she is ready and willing to pay into the court the amount she has received from said J. H. Thigpen in consideration of said exchange of said lands, and prays the court that her conveyances to him heretofore described may be set aside and held for naught; that her conveyance to the said Julius Deutsch of her surplus allotment may be, in all things, confirmed and that the court decree that the defendant reconvey to her her homestead, and upon failure of the defendant to do

so that the court appoint a commissioner to make said conveyance, that she may have her costs and all other proper relief in the premises."

The plaintiff in error answered by general denial.   Said cause was tried to the court without a jury.   The court found as follows:

"Now on this the 27th day of April, 1911, the above-entitled cause came on to be heard before the court, and was submitted to the court for trial, and the court, after hearing the evidence and being fully advised in the premises, finds the allegations of the petition of the plaintiff to be true, and that the plaintiff is entitled to the relief prayed for in her petition, and that the conveyance for the southwest quarter of the northeast quarter of section 7, township 18 north, range 16 east in Wagoner county, Okla., should be, and the same is hereby, canceled and set aside upon the payment into court of the sum of $200 by the plaintiff for the defendant, and that said sum shall constitute and be a lien upon said real estate until the sum is paid, and that upon the payment of said sum into court the title to said premises shall revert to and be vested in plaintiff, and her title in all things be quieted and confirmed, and that the defendant's interest and apparent title therein shall be held for naught"—and decreed accordingly.

The plaintiff in error argues but one proposition in his brief, and that is that the decree of the court is not sustained by sufficient evidence, and asks the court to review and weigh the evidence and reverse the decree of the trial court on account of insufficient evidence to support the same.

In *Patterson v. Meyer*, 28 Okla. 304, at page 306, 114 Pac. 256, at page 257, it is said:

"This court has, time and again, declared that: (a) Where a cause is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence; and (b) where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.   *McCann v. McCann et al.,* 24 Okla. 264,

103 Pac. 694; *Seward v. Casler et al.*, 24 Okla. 275, 103 Pac. 740."

Again in *McCann v. McCann, supra,* Mr. Justice Williams, speaking for the court, said:

"In this case there is competent evidence reasonably tending to support the issues on the part of the defendant, although the preponderance thereof on some of the material issues may have been in favor of the plaintiff. Yet all of the evidence having been oral, and the trial court having had an opportunity to see the witnesses face to face, to observe their demeanor and manner of testifying, their frankness, candor, and sincerity, or want of such, their opportunity, or want of opportunity, to be conversant with the facts about which they gave evidence, and, in fact, to weigh under his personal scrutiny everything that goes to determine the fact of the credibility of the witnesses, under such circumstances this court will not invade the prerogative of the lower court, when there is competent evidence reasonably tending to support the issues, and set aside its findings."

See, also, *Harrill v. Parkinson*, 27 Okla. 526, 112 Pac. 970; *Smith v. Stewart*, 29 Okla. 26, 116 Pac. 182; *Bohart v. Mathews*, 29 Okla. 315, 116 Pac. 944; *Bank v. Harrison*, 29 Okla. 302, 116 Pac. 789; *Patterson v. Meyer*, 28 Okla. 304, 114 Pac. 256; *Jeffers v. Hensley*, 28 Okla. 519, 114 Pac. 1101.

While all of the evidence in the instant case was not oral, the record evidence was not controverted, and from a careful reading of the entire record we have no hesitancy in saying that there was abundant testimony to support the finding of the court below.

Since the only questions presented by the record are those which would require this court to weigh the evidence and determine where the preponderance lay, and as this cannot be done under the well-established rule in this jurisdiction, it follows that the judgment appealed from ought to be affirmed.

By the Court: It is so ordered.