## SHAWNEE NAT. BANK v. POOL.

No. 7628—Opinion Filed Oct. 31, 1916.

Rehearing Denied Oct. 9, 1917.

(167 Pac. 994.)

**1. Appeal and Error—Review—Theory of Cause.**

A party to an action, having presented his case or defense to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of said cause.

**2. Appeal and Error — Review—Weight of Evidence.**

Where there is a conflict in the evidence and the issues are fairly submitted to the jury under proper instructions and a motion for new trial is overruled, this court will not disturb the verdict on the weight of evidence.

(Syllabus by De Graffenried, C.)

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by D. L. Pool against the Shawnee National Bank. Judgment for plaintiff, and defendant brings error. Affirmed.

Arrington & Arrington and Abernathy & Howell, for plaintiff in error.

Baldwin & Carlton, for defendant in error.

Opinion by DE GRAFFENRIED, C. This was a suit instituted by plaintiff against the defendant to recover a sum of money as usury, and substantially alleges that on January 4, 1911, plaintiff was indebted to defendant in the sum of $2,000, at which time the plaintiff executed and delivered to defendant his promissory note for $2,262 to become due and payable on the 15th day of October, 1911; that the $262 placed in said note was interest and largely in excess of 10 per cent., the legal rate; that on January 16, 1912, said note, together with $238 additional as interest, was paid defendant by the execution of a deed to defendant to real estate at an agreed value of $2,500. Defendant filed its amended answer, denying every allegation of the petition. Further answering, defendant admits that plaintiff was indebted to the defendant for $2,000, but denies it charged the $262 as interest on said note, and denies payment of the note or any interest; that the deed was not delivered in payment of said note, but in order that the property could be sold, and the proceeds of sale to be credited on said note; that at the time of making said note for $2,262 an error in calculating the amount the plaintiff was indebted to defendant in the sum of $180 was made, and not discovered until after the note and mortgage were executed, and upon the discovery the defendant then and there, in the presence of and with the consent of the plaintiff, placed a credit on said note for $180, which made said note the amount of $2,082; and that therefore the note was not usurious. The case was tried to jury, and verdict in favor of plaintiff for $524.

In the brief of defendant the doctrine of locus poenitentiae is invoked; that is, even if the defendant charged usury, it has relinquished its claim to same by placing a credit of $180 on the note before payment. This theory is not pleaded by defendant, and neither was it referred to in the trial of the case, and no instruction was asked to cover this theory. In its amended answer defendant alleged the $180 credit was made to correct an error in the making of said note, and offered its evidence upon this theory, insisting that it did not charge usury. In the case of Horne v. Okla. State Bank, 42 Okla. 37, 139 Pac. 992, the court in the syllabus says:

"A party to an action, having presented his case or defense to the trial court upon a certain and definite theory, is bound thereby throughout the subsequent stages of said cause." Wallace v. Killian, 40 Okla. 631, 140 Pac. 162; Herbert v. Wagg et al., 27 Okla. 674, 117 Pac. 209; C., R. I. & P. Ry. Co. v. McBee, 45 Okla. 192, 145 Pac. 331; Bouton v. Carson, 51 Okla. 579, 152 Pac. 131.

We therefore hold that the defendant cannot be heard to advance this theory in this court.

It is earnestly contended by the defendant that the preponderance of the evidence shows that there was no usury in the note; that $180 was added to and placed in the note by mistake; that the mistake was discovered and corrected by crediting the note with $180 in the presence of plaintiff before the note was delivered. This was testified by Mr. Jones, cashier of the bank. On the other hand, this was positively denied by plaintiff, and he further testified that he paid to defendant the full face of the note by his deed to defendant. Counsel for defendant criticise certain instructions of the court, but we think the instructions fairly and correctly cover every issue presented to the court, and were as full and favorable to the defendant as it could ask. Where there is a conflict in the evidence and the issues are fairly submitted to the jury under proper instructions, and a motion for new trial is overruled, this court will not disturb the verdict on the weight of evidence. First Bank of Hoffman v. Harrison, 29 Okla. 302, 116 Pac. 789; New State Grocery Co. v. Wiles, 32 Okla. 87, 121 Pac. 252; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94; Kuhl v. Supreme Lodge, 18 Okla. 383, 89 Pac. 1126; Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855; Jeffers v. Hensley, 28 Okla. 519, 114 Pac. 1101; Smith v. Bell, 44 Okla. 370, 144 Pac. 1059.

Finding no error in the record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.