CHICAGO, R. I. & P. R. CO. et al. v. HYDE.

No. 11873—Opinion Filed April 4, 1922.

(Syllabus.)

1. Railroads—Federal Control — Jurisdiction of Actions Against Railroads.

Section 10 of the Federal Control Act (Act Cong. March 21, 1918, 40 Stat. 451, ch. 25) applies equally to cases where suit against the carrier companies was pending in the courts on December 28, 1917; to cases where the cause of action arose before that date and the suit against the company was filed after it; and to cases where both cause of action and suit had arisen or might arise during federal operation.

2. Same—Action for Personal Injuries—Parties Defendant—State Court Jurisdiction.

Where an action for damages for personal injuries against a railway carrier arising during federal control was commenced prior to the issuance of order No. 50, appointing the Director General, and Nos. 18 and 18a, definitely fixing the venue, in the name of the railway company and in the state court which prior to the Federal Control Act had jurisdiction of such actions, the case was properly pending and neither the railway company nor the Director General nor the agent appointed under the Transportation Act was entitled to have the same dismissed upon the ground that there was a defect of parties defendant or that the action was not commenced in the district or court prescribed by orders 18 and 18a.

3. Same—Defect of Parties — Orders—Cure of Error.

While the trial court committed error in sustaining the motion of the plaintiff to modify its order dismissing as to the railway company and allowing the Director General to intervene as sole defendant, by again joining the company as a party, this defect of parties may be cured to conform to the proof under section 4790, Rev. Laws

1910, which provides that defects of parties may, before or after judgment, in furtherance of justice, be cured by amendment.

4. Same—Venue of Action—Effect of Orders of Director General.

Orders 18 and 18a were not retroactive, and did not extinguish any vested rights of the parties with reference to venue prior to their promulgation.

5. Same—Judgment—Sufficiency of Evidence—Harmless Error.

Record examined, and held: (1) That the evidence reasonably supports the verdict of the jury and the judgment entered thereon; (2) that the remaining errors complained of are either without merit or harmless under section 6005, Rev. Laws 1910.

Error from District Court, Marshall County; Geo. S. March, Judge.

Action by Ellis R. Hyde against the Chicago, Rock Island & Pacific Railway Company and another for damages for personal injuries. Judgment for plaintiff, and defendants bring error. Affirmed.

C. O. Blake, W. R. Bleakmore, R. A. Tolbert, and Roy St. Lewis, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison, for defendant in error.

PER CURIAM. This action was commenced in the district court of Marshall county, Okla., by Ellis R. Hyde, a resident of Canadian county, Okla., as plaintiff, against the Chicago, Rock Island & Pacific Railway Company, as defendant, to recover damages for personal injuries alleged to have been suffered by plaintiff at Union City, Canadian county, Okla., on December 31, 1917, while in the discharge of his duties as a brakeman on a freight train being operated on the C., R. I. & P. Railroad. The then sole defendant, the Chicago, Rock Island & Pacific Railway Company, appeared specially, pleaded to the jurisdiction of the court, and moved to dismiss the action for the reason that the alleged injuries were received during federal control, and further, that order 18 of the Director General of Railroads required such actions to be brought in the court or district of plaintiff's residence, or where the cause of action arose. The motion was overruled. Counsel for the railway company, who also appeared for the Director General, moved the court to make the Director General of Railroads a party defendant. This latter motion was sustained, and thereupon the defendant railway company answered that its railroad was under federal control when the cause of action arose, and praying that it be dismissed. Thereafter plaintiff filed an amended petition, to which the railway

company answered. Thereafter the cause was dismissed as to the railway company and the Director General was made sole party defendant. Thereafter the Director General of Railroads filed his motion to dismiss the action as against him on the ground that the court was without authority to hear and determine same by reason of orders 18 and 18a of said Director General. This motion was overruled, and the Director General answered, setting forth, among other defenses, said orders 18 and 18a. Plaintiff then moved to modify the order of court substituting the Director General as sole defendant, and on May 2, 1920, the order dismissing the Chicago, Rock Island & Pacific Railway Company as a party and making the Director General sole defendant was modified, and the railway company was again joined with the Director General as a party defendant. In the meantime the Transportation Act of 1920 became effective, whereupon the motion of plaintiff to substitute Walker D. Hines, Agent, as defendant instead of the Director General was sustained. Upon the former answering within two hours, the cause proceeded to trial, with the result hereinbefore indicated.

While counsel for plaintiffs in error assign many grounds for reversal, they argue them all in their brief under subheads which may be briefly summarized as follows:

(1) The trial court erred in overruling the motion of the railway company to dismiss the action, and in rendering judgment against it.

(2) The trial court erred in substituting the Director General, and later the agent under the Transportation Act, as a party defendant.

(3) The court erred in overruling defendant's motion for a directed verdict on account of the insufficiency of the evidence to show negligence.

(4) The trial court erred in permitting the introduction in evidence of photographs, exhibits "A" and "B."

In view of the late decisions of the Federal Supreme Court construing the applicable provisions of the Federal Control Act and the orders issued pursuant thereto, and of the subsequent acts restoring private control, we do not deem it necessary to do more than refer to these acts and orders by number or other convenient designation, and to consider as nearly as may be the assignments of error which turn upon them, in the light of the controlling federal authorities.

The first assignment of error seems to be predicated upon the assumption that Mo. Pac. Ry. Co. v. Ault, 256 U. S. 554, 65 L. Ed. —, and other cases of like import, support the contention that, inasmuch as the action was commenced after the order of the President taking over the railroads under the Federal Control Act and before the issuance of order No. 50, appointing the Director General of Railways, and of orders 18 and 18a, definitely fixing the venue of such actions, no right of action existed in favor of the plaintiff, or at least no machinery existed for the enforcement of such an action. We do not understand these cases to go this far. These cases, as we understand them, hold that section 10 of the Federal Control Act applies equally to cases where suit against the carrier companies was pending in the courts on December 28, 1917; to cases where the cause of action arose before that date and the suit against the company was filed after it; and to cases where both cause of action and suit has arisen or might arise during federal operation.

While we are convinced that this action arose during federal operation, neither the person who should be named as defendant nor the venue of the action was specifically provided for by the Federal Control Act at the time the petition was filed and the action commenced. This plaintiff, however, had his cause of action against the carrier, and in the absence of explicit direction it was but natural, and we think proper, that, wishing to sue upon his claim, he named the company as defendant when, as the allegations of his petition showed, he was entitled to hold the government liable and commenced his action in the state court which, in the absence of the explicit directions subsequently given, would have had jurisdiction over his cause of action under the state law. In these circumstances, and in view of the subsequent voluntary appearance of the Director General, it seems to us it would have been error to dismiss plaintiff's cause of action merely on account of his diligence in ascertaining a clear right, particularly as defect of parties may, in the interest of justice, be cured by amendment under section 4790, Rev. Laws 1910.

Moreover, it appears from the record that after the substitution, upon his own motion, of the Director General, the motion to dismiss as to the railway company was actually sustained by the trial court, and that later the order of the court making the Director General sole defendant was modified by again joining the railway company

as a party defendant without any objection or exception thereto being saved by either the railway company or the Director General or. the agent appointed pursuant to the Transportation Act, although they were all represented by the same counsel throughout the trial. At least, no objection or exception to this action of the trial court is presented by counsel in the briefs filed in this proceeding in error.

In presenting their second ground for reversal counsel says:

"By virtue of orders 18 and 18a, above set forth, plaintiff was precluded from maintaining his action in the trial court. The consent of the United States to be sued by plaintiff was conditioned upon his bringing his action in a court situated either in the Western District of Oklahoma, or in Canadian county, where he resided at the time the cause of action accrued and where it arose, and no officer of the government could effectually agree that it might be sued or that a pending suit might be prosecuted against it in a court situated in any other district or county."

This contention is based partly upon the erroneous assumption already noticed in considering the first assignment of error and partly upon the assumption that orders Nos. 18 and 18a of the Director General, requiring suits to be brought in the district court of plaintiff's residence or the district where the cause of action arose, apply with full force to actions like this, which, as we have seen, were pending when these orders were issued. We have already considered the first branch of this question in passing upon the first ground for reversal. In considering the second branch it will be only necessary to keep in mind that this was a pending action when orders 18 and 18a were issued, and that these orders by their terms are not retroactive, in order to reach the conclusion that they do not apply to such pending actions.

In the Massachusetts case, West v. New York, N. H. & H. R. Co., 123 N. E. 621, it was held that where the order of the Director General was issued after the suit was brought, it was inapplicable, in that the plaintiff at the time of bringing of the suit could resort to any court having competent jurisdiction over his rights. In a New York case, Benjamin Moore & Co. v. A., T. & S. F. R. Co., 174 N. Y. Supp. 60, it was held that said orders 18 and 18a were not retroactive and did not extinguish any vested rights of the parties with reference to venue prior to their promulgation.

In these circumstances, while the Director General, after his appointment, was en-

tirely right in voluntarily intervening as a party defendant, he was not at any stage of the proceedings entitled to have plaintiff's action against the carriers dismissed, and the same may be said concerning the agent who subsequently intervened under the Transportation Act. We do not wish to be understood as holding that it was proper or necessary to join the railway company and the Director General or the railway company and the agent as representatives of the carrier, at the same time. On the contrary, we are of the opinion that it was error for the trial court to modify its orders allowing the Director General to intervene as sole defendant by again joining the railway company as a party defendant, although, as we have seen, no error is based upon this particular ruling.

Moreover, as we are satisfied that the judgment rendered is right upon the merits, and the case has extended through the entire period of federal control, and the railway company is again operating the property, we do not think the cause should be reversed because of the joint form of the judgment, but that it should be corrected in that respect to conform to present conditions.

The accident to the defendant in error complained of occurred on the morning of December 31, 1917. The President's proclamation, issued December 26, 1917, taking possession and assuming control of railroads, did not take effect until 12 o'clock noon on the 28th day of December, 1917. The petition alleges that plaintiff was employed by the defendant company as brakeman on its freight train No. Extra South Engine No. 207, and that when the train reached a certain point north of passing switch near Union City, in Canadian county, Okla., it was his duty to get off of the engine of said train and run ahead of said train and turn a switch so that said train could be pulled into said sidetrack and meet the train coming from the south; that in running to said switch, and when he reached a point about 90 feet north of the same on the east side of the defendant's track, he fell; that his right hip struck the end of an exposed tie and was badly dislocated, and the ligaments and muscles thereof were torn and strained and sprained and the entire hip was badly twisted and permanently injured; that his back was badly sprained and strained and his left testicle was so badly bruised and injured that he was compelled to undergo an operation and same was removed; and that said fall was caused by the defendant company's

negligently and carelessly permitting its roadbed and right of way to be uneven and rough and covered with large pieces of ballast, and permitting the ends of its ties to be exposed, rendering said places dangerous where plaintiff had to work, and exposed plaintiff to danger of tripping and falling over the uneven ground and pieces of ballast.

The evidence shows that clinkers and chunks of ballast were the direct cause of plaintiff falling and receiving the injuries, and shows conclusively that they had been permitted to remain in such condition by the railroad for sometime prior to the injury; as to how long, we cannot determine from the evidence, but the evidence does clearly show that they were there before the 26th day of December, 1917.

This action was commenced on the 9th day of March, 1918. It will be noted from order No. 18 of the Director General of Railroads, issued and promulgated on the 9th day of April, 1918, that suits against carriers under federal control must be brought in the county or district where the plaintiff resided or in the county or district where the cause of action arose, and that on the 18th day of April, 1918, the order was amended by order 18a ordering that all suits against carriers under federal control must be brought in the county or district where plaintiff resided at the time of the accrual of the cause of action or in the county where the cause of action arose. It is. nowhere provided by act of Congress in empowering the President, through the Secretary of War, to take possession and assume control of any system or systems of transportation, etc., the places for instituting suit for injuries received against any systems of transportation. and the only proclamations designating such places of instituting suit are order Nos. 18 and 18a, supra. These orders were both issued after the filing of the suit in the instant case. The record show that on the 6th day of December, 1919. Walker D. Hines, Director General of Railroads, on his own motion, by his attorneys C. A. Coakley and C. O. Blake, requested the court to make him party defendant and to enter a voluntary appearance, waiving service of summons upon him in place of the C., R. I. & P. Ry. Co. On the 8th day of December, 1919, the court made an order sustaining said motion, and gave the Director General ten days in which to answer. Thereafter, on the 16th day of December, 1919, Walker D. Hines filed the following motion. omitting the caption:

"Comes now Walker D. Hines, Director General of Railroads, in charge of the Chicago, Rock Island & Pacific Railroad, who has been, by order of the court, made a substitute defendant in the above cause upon his own application, and voluntarily appears herein, and moves the court to dismiss the above entitled action for the reason that he is without jurisdiction to hear and determine the matters and things involved in said controversy, under the orders of the Director General, Nos. 18 and 18a, true and correct copies of which orders are hereto attached, marked Exhibit 'A' and Exhibit 'B', respectively, and made a part of this motion as fully as though the same were set out in words and figures herein."

This motion was overruled by the court, and the Director General filed his answer.

The negligence of the railroad in permitting its roadbed and right of way so constructed and maintained to exist prior to the President's proclamation, issued December 26, 1917, and while under its supervision and control, and to continue in such condition, which caused the injury to defendant in error, and the cause of action having been commenced before the execution of orders 18 and 18a, supra, by the Director General, and the Director General having appeared voluntarily and on his own motion sought the jurisdiction of the trial court by requesting to be made party defendant, submitted to the jurisdiction of the court and thereby waived his right thereafter to question its jurisdiction, the trial court did not err in overruling his motion to dismiss.

It is contended by plaintiffs in error that the trial court erred in overruling their motion for a new trial, and they urge in support thereof that no primary negligence was shown, and that the plaintiff relies solely upon the failure of those in charge of operating the railroad to provide him a reasonably safe place to work. and insist that the evidence wholly fails to show negligence in this respect, and that the trial court should have instructed the jury to return a verdict for the defendant.

We have carefully examined the evidence adduced at the trial, and believe that it reasonably supports the verdict and judgment rendered. Authorities are numerous to the effect that, where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence. Incorporated Town of Sallisaw v. Chappelle, 67 Oklahoma, 171 Pac. 22; New

State Groc. Co. v. Wiles, 32 Okla. 87, 121 Pac. 252; Kiser v. Nichols, 35 Okla. 8, 128 Pac. 103; City of Wynnewood v. Cox, 31 Okla. 563, 122 Pac. 528, Ann Cas. 1913E, 439.

The two photographs introduced in evidence of which counsel complain in their remaining assignment of error consist of views taken at the scene of the accident sometime after its occurrence. It seems that almost three months after the accident the plaintiff, after resetting the stage in as nearly as possible the same condition it was at the time of his injury, reacted the salient features of the accident and had the same photographed something on the plan of a moving picture. One of the photographs shows the plaintiff in the act of stepping on a clinker in his pathway, which he placed in position for the purpose of the picture, and the other shows him lying by the side of the railway track after his fall. We have examined these photographs in connection with plaintiff's oral testimony, and are wholly unable to perceive that they in any way add to or detract from the force of plaintiff's oral statements in describing the way the accident occurred. No doubt, the photographs were taken and introduced in evidence for the purpose of vizualizing in the mind of the jury the details of the accident as orally depicted by the witness on the stand. If the stage was correctly reset and the pictures properly taken, and there is no contention that they were not, we see no harm in this. Unless it appears from an examination of the record that error of this sort is harmful, we would not be justified in reversing the judgment upon this ground under section 6005, Rev. Laws 1910, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence. or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

For the reasons stated, the judgment of the trial court is modified by striking out the name of the railway company as a party defendant. and. as thus modified, affirmed as against the agent appointed under the Transportation Act.